Aiken vs. Robinson et als.

No. 13,180.

Mrs. C. M. Aiken vs. John H. Robinson; Mrs. Blanche V. Mallet, Wife of John H. Robinson vs. Mrs. Catherine M. Aiken (Consolidated).

| 52 | 925 |
| 108 | 270 |
| 52 | 925 |
| 110 | 492 |
| 52 | 925 |
| 113 | 332 |

### Syllabus.

#### On Motion to Dismiss.

It cannot be urged on a motion to dismiss an appeal *in limine* that appellant had been ordered by the district court to file security for costs within a delay fixed, and in default his suit should be dismissed, and that the order had not been complied with, when no action was taken upon this matter in the lower court and the case went contradictorily between the parties, to judgment.

The failure might have been ground to dismiss the suit, but not the appeal.

To take cognizance of the subject, the Supreme Court would have *in limine* to take original action upon proceedings in the district court.

#### On the Merits.

1. The fact that money borrowed by a husband in his individual name, and for which he gave his individual note securing the same by mortgage on his wife's property, was employed by him in paying notes of his wife secured by mortgage on her property, created no liability by the wife, either personally or through her property to the lender. Her resulting liability was to her husband.

2. The payment by the husband of notes of the wife, secured by mortgage on her property, extinguished the mortgages and constituted her husband her creditor, but without subrogation to the rights of her mortgage creditors.

3. A husband has no authority to mortgage the property of his wife in her name, without a special power to that effect, still less has he the right to do so in his own name to secure his individual note given for borrowed money.

A PPEAL from the Civil District Court, Parish of Orleans.— *King, J.*

*William S. Benedict* for Mrs. Aiken, Appellee.

*James D. Seguin* for Mrs. Mallet, Appellant.

#### On Motion to Dismiss.

The opinion of the court was delivered by

Nicholls, C. J. The plaintiff caused executory process to issue from Division "B" of the Civil District Court, directed against certain property declared to belong to the defendant.

Mrs. Blanche V. Mallet, wife of the defendant, brought suit in Division "D" of the same court against Mrs. Aiken, claiming the ownership of the undivided half of the property seized, and obtained an order, which does not seem to have been executed, for the issuance of a writ of injunction, staying the sale.

The latter suit was transferred to Division "B" and consolidated with that of the seizing creditor.

On motion of counsel for Mrs. Aiken, it was ordered by the court that Mrs. Robinson give security for costs in the sum of two hundred and fifty dollars within ten days from date of the order, and that in default of her so doing her action be dismissed.

On rule, taken by Mrs. Robinson, to have this order set aside, the court ordered that the amount of the bond to be given be reduced to seventy-five dollars, but that the order, as so amended, should stand.

No action seems to have been taken under this order.

The case went to trial, contradictorily between the parties, resulting in a judgment of the District Court recognizing Mrs. Robinson as owner of an undivided half of the property seized, but subject to the mortgage executed in favor of the plaintiff, Mrs. Aiken, by John H. Robinson, by act before Rightor, notary public, on the 18th of August, 1897, for the sum of nineteen hundred dollars, with seven per cent. *per annum* interest thereon from 3rd of August, 1896, for the sum of two hundred and fifty dollars, with eight per cent. *per annum interest thereon* from the 24th of October, 1896, for thirty-eight 31-100 dollars, one-half of the sum paid to redeem same from tax sales, and the further sum of thirty-one 05-100 dollars, being one-half of premium of insurance paid thereon, with all costs.

The judgment ordered the mortgage to be enforced as against the moiety of said property belonging to John H. Robinson, subject to a deduction of the sum so decreed due by the wife, with costs.

Mrs. Robinson appealed.

Appellee moved, in the Supreme Court, to dismiss the appeal on the ground that, by order of the District Court, Mrs. Robinson had been required to give bond for costs in the sum of seventy-five dollars, within ten days from the date of the order; that the delays had expired, and the bond had not been furnished.

The motion can not be granted.

The order in question was an interlocutory order, granted in the District Court, which that court was called on to take action upon.

It did not do so.

In order to come to a knowledge of this order we would have, on a motion to dismiss, made *in limine,* to take cognizance of the proceedings taken in the lower court, and act originally upon appellant's failure to comply with the District Court's order.

This we can not do; certainly not at this time and in this form. The failure referred to might have been cause to have dismissed the suit, but not cause to dismiss the appeal. Whether this court could properly be called on in the future, in respect to this default, is a matter not proper now to be considered. (State *ex rel.* Marceaux vs. DeBaillon, Judge, 51 Ann., 197; Heirs of Marmion vs. McPeake, 51 Ann., 1631.)

The motion to dismiss is overruled, and the appeal maintained.

## ON THE MERITS.

### STATEMENT OF THE CASE.

On the 12th of October, 1898, Mrs. Catherine M. Aiken applied, in the Civil District Court, for executory process directed against certain described property in the Parish of Orleans, as the holder and owner of a promissory note made by John H. Robinson, in August, 1897, for the sum of five thousand dollars, and secured by special mortgage on the property sought to be seized and sold.

The order of seizure and sale having been granted as prayed for, by the judge of Division "B" of the District Court, the property described in plaintiff's petition was seized and advertised for sale.

On the 24th of October, 1898, Mrs. Blanche V. Mallet, the wife of John H. Robinson, filed a petition in the Civil District Court, in which, after referring to the executory proceedings, the seizure made therein, and the proposed sale of the property, she declared that she was the owner in her own separate, distinct and paraphernal right of the undivided half of said property; that she had acquired her said separate ownership, as a legatee, under the will of the late George L. Robinson, which will had been duly probated, filed and ordered executed in the matter of the Succession of the said George L. Robinson; that in said succession proceedings she had been recognized as such

legatee and sent into possession of the undivided half of the property by judgment of court of the 15th of April, 1895; that this judgment was duly registered on the 17th of April, of the same year, and all persons were thereby charged with notice of her title; that the indebtedness, to satisfy which the property was advertised for sale, if due at all, was the sole and exclusive personal debt of John H. Robinson, and was alleged to be such in the petition in the executory proceedings and in the various exhibits thereto annexed; that she was neither a party to the mortgage sued on, nor to the note sued on, and was not liable to or indebted to Mrs. Catherine M. Aiken, as indorser or surety, or in any wise, or for any amount whatever; that the attempted seizure of her undivided half interest in said property was wholly illegal, null and void, and the plaintiff in said proceedings was absolutely without legal right to seize and sell her property for the debt of another, as he was threatening to do, and an injunction was necessary to prevent said sale and protect her rights.

She prayed for citation upon the sheriff and Mrs. Aiken, for the issuing of a writ of injunction prohibiting the sale of her undivided half interest in the property and the application of any portion of the proceeds of the sale of such property to the debt alleged to be due by John H. Robinson. She further prayed that, after due proceedings, she have judgment annulling and setting aside the order of seizure and sale, quashing and avoiding the writ therefor and the seizure made thereunder, and making the injunction perpetual.

This proceeding was placed on the docket of Division "D" of the Civil District Court, under the title of Mrs. Blanche V. Mallet, Wife of John H. Robinson, vs. Mrs. Catherine M. Aiken.

The injunction prayed for was not issued, as the sale referred to was stayed by order of Mrs. Aiken's attorneys when the third opposition of Mrs. John H. Robinson was filed. This third opposition was transferred from Division "D" to Division "B," and there consolidated with the executory proceedings.

Thereupon Mrs. Aiken answered the third opposition by averring:

First.—That she (Mrs. Aiken) obtained the writ of seizure and sale in due form of law, on authentic evidence, against the property.

Second.—That the property was community property.

Third.—That the funds realized from the mortgage were used for the benefit of all the property in taking up obligations thereof in the joint names of John H. Robinson, and his wife, the third opponent,

and that no cause of action vested in third opponent until she had liquidated, to Mrs. Aiken, the amount used for that purpose.

The District Court rendered judgment recognizing Mrs. Blanche V. Mallet, wife of John H. Robinson, as owner of one undivided half of the property, but the same was decreed to be subject to the mortgage in favor of Mrs. Catherine M. Aiken, granted by John H. Robinson, by act of the 18th of August, 1897, for the sum of nineteen hundred dollars, with seven per cent. *per annum* interest thereon, from the 3rd of August, 1896, for the sum of two hundred and fifty dollars, with eight per cent. *per annum* interest from 24th of October, 1896; for thirty-eight 31-100 dollars, one half of the sum paid to redeem same from tax sales, and the further sum of thirty-one 05-100 dollars, being one-half of premium of insurance paid thereon, with all costs incurred.

That the said mortgage to be enforced as against the moiety of said property belonging to John H. Robinson, subject to a deduction of the sum so decreed to be due by his wife with costs.

After an unsuccessful attempt to obtain a new trial, Mrs. Blanche V. Mallet (Mrs. John H. Robinson) appealed devolutively from the judgment.

Plaintiff, in executory process, filed no prayer for an amendment, but prayed that the judgment appealed from be affirmed.

## OPINION.

A large part of the briefs of counsel, both of appellant and appellee, has been devoted to a discussion of the question whether the legacy made by George Robinson, to the third opponent, the wife of John H. Robinson, and John H. Robinson, was a conjoint legacy to the husband and wife, and if so whether the property bequeathed did not fall into the community of acquets and gains, which existed between them, or whether, instead of one conjoint legacy, the testator did not make two separate legacies; the first being of an undivided half of the property to Mrs. John H. Robinson, and the second a legacy of the other undivided half to her husband.

The District Court, by its judgment, determined that question. It held that the wife was the owner of an undivided half of the property.

The plaintiff, in executory proceedings, has not only not appealed from the judgment, nor asked its amendment, but she has asked its affirmance.

The question discussed has passed beyond our control. The only matters before us are those raised by the third opponent in respect to which she claims to have been aggrieved.

She contends that the District Court erred in holding that either she or her property was liable for any portion of the amount represented by the five thousand dollars note secured by the mortgage on the entire property which was executed by her husband.

It appears that after third opponent had been placed in posession of an undivided half of the property, by judgment of court, she executed two promissory notes, one for nineteen hundred dollars, the other for two hundred and fifty dollars, and mortgaged her undivided half of the property to secure the same; that her husband, John H. Robinson, after he had been placed in possession of the undivided half of the property, also executed two promissory notes, one for nineteen hundred dollars, and the other for two hundred and fifty dollars, and mortgaged his undivided half of the property to secure the same; that John H. Robinson desired to take up these promissory notes and substitute one single note for the four others, and to secure payment of that note by special mortgage on the entire property.

He, therefore, applied to W. P. Curtis, a son-in-law of Mrs. Aiken, the seizing creditor, for a loan of money to be represented by his note secured by mortgage on the whole property. The title having been submitted for examination, and pronounced good, a loan was agreed upon, and a note of Robinson, secured by mortgage on the whole property, was prepared by the notary.

Mrs. Aiken did not appear as a party in the act, but a clerk in the notary's office was named as Robinson's creditor, and accepted the mortgage.

The four mortgage notes, two executed by Robinson, and two by his wife, being then outstanding, Curtis, representing Mrs. Aiken, the lender, gave to the holders of those notes his checks for the amounts of the same, and appeared in the act as the last holder of the same, and declared that they had been paid and authorized the erasure of the mortgages securing the same.

John H. Robinson then executed and delivered his note to Curtis, and signed the mortgage act by which it was secured.

No mention was made throughout any of the negotiations for the loan, or at the time of the execution of the mortgage, of John H.

Robinson's acting in the premises as agent of, or as representing, his wife, nor do the pleadings in this case assert that he was so acting. In the absence of a special mandate to that effect, he was without authority to mortgage her property (C. C., 2997).

He was, so far as this record shows, dealt with exclusively as acting on his own behalf. It was held, by this court, in Nicholls vs. His Creditors, 9 Robinson, 476, affirmed in Fort vs. Union Bank, 11 Ann., 708; Hoyle vs. Cazabat, 25 Ann., 438; Seixas vs. Gonsoulin, 40 Ann., 357; Weil vs. Ginnery Company, 42 Ann., 495; that one, who pays a mortgage note, he has no interest to discharge, is not subrogated by the fact of such payment to the mortgage rights of the party to whom he paid; that the payment will etinguish the debt and the mortgage given to secure it, and the claim for reimbursement will constitute the party who paid, an ordinary creditor of him for whose benefit the payment was made. Under these decisions, the mortgage notes executed by Mrs. John H. Robinson were extinguished by the payment of the same, by her husband, with no subrogation to him to the mortgages.

In Soraparu vs. Lacroix, 1 Louisiana, 379, it was held that the purchaser of mortgaged property is not subrogated to the mortgagees' rights, though in their presence, immediately on receiving the price, the mortgagor paid it over in discharge of the mortgage.

This same principle was recognized in Fontenot vs. Soileau, 2 Ann., 774; Gates vs. Matta, 7 Ann., 140; Chaffe vs. Ludeling, 34 Ann., 967; Talbert vs. Clerk, 49 Ann., 1393.

Had John H. Robinson been the owner of the entire property, we think it clear that Mrs. Aiken would not have been subrogated, through a loan of money to him, to the mortgage rights of parties whose mortgage rights were paid with the borrowed money. If this was so, still less could she claim such subrogation, when he was not the owner of one undivided half of the property, and the payments made by him were of notes in which he had no legal interest secured by mortgage on property other than his own.

We note the fact that Curtis did not actually place the money loaned by Mrs. Aiken into the hands of John H. Robinson, but gave checks amounting, in the aggregate, to the mortgage debts to the creditors holding these mortgages, and that in the act Curtis appeared as last holder of these notes, and, declaring they had been paid, authorized the erasure of the mortgages.

We do not think the mere method of payment changed the actual facts. There is no doubt that Mrs. Aiken loaned John H. Robinson five thousand dollars, and received from him, in representation of that loan, the note which he executed at the time of the execution of the mortgage, securing the same.

We see no way of affording Mrs. Aiken' relief in this suit, under the pleadings, however much her situation appeals to us as being one of extreme hardship. (C. C., 3303; 11 Ann., 684; 41 Ann., 113.)

For the reasons herein assigned it is hereby ordered, adjudged and decreed, that the judgment appealed from, in so far as it decrees the undivided half of the property of which the judgment recognizes Mrs. Blanche V. Mallet, wife of John H. Robinson, as owner, to be subject for any amount to the mortgage in favor of Mrs. Catherine M. Aiken, granted by John H. Robinson, by act before Edward Rightor, notary public, on the 18th day of August, 1897, and in so far as said judgment might be construed to recognize any personal liability on the part of said Mrs. Blanche V. Mallet, for any portion of the indebtedness represented by the promissory note executed by John H. Robinson, for the security of which the mortgage granted by him, on said act of 18th day of August, 1897, was given, is hereby annulled, avoided and reversed, and the undivided half of the said property, adjudged to belong to Mrs. Blanche V. Mallet, is hereby decreed not to be subject to payment of any portion of said mortgage debt, and Mrs. Blanche V. Mallet is hereby decreed to be not liable, personally, for any portion of said mortgage debt.

It is further ordered, adjudged and decreed that the judgment appealed from, except in so far as it is herein altered and amended, is affirmed.

Costs of the third opposition, in both courts, to be paid by Mrs. Catherine M. Aiken.