Bradley could not have been thrown forward by the slipping of the jack.

The superintendent said:

"I was standing by Bradley at the time of the accident."

But he does not state where they were standing, whether within or without the angle. The same witness further said:

"I was standing by Bradley, a little behind him, and my gaze was not on him at the time. I was watching the joints, watching it to see how it was doing. I watched the different men to see how they did their work. Rich (the foreman) was also standing there. So, all of a sudden Bradley hollered, and we all looked to see, and he was standing perfectly straight, except his shoulders were stooping, and his foot was caught between the jack and the outside wing of the crossing."

It may be assumed that if Bradley had, as a matter of fact, been standing within the angle, the superintendent would have so positively testified. If the angle was a dangerous place, and the laborers had been warned not to stand therein, it seems reasonable to conclude that the foreman and superintendent would not have permitted a laborer at their side to work in such perilous position.

Considering the verdict and judgment below, we are not prepared to say that the defendant has established the defense of contributory negligence.

We see no good reason to disturb the verdict as to the quantum of damages. The allowance of $700, in view of the nature of the injury, is not manifestly excessive or insufficient.

Judgment affirmed.

———

(44 South. 120.)

No. 16,393.

GLAIN v. SPARANDEO.

(Dec. 10, 1906. On the Merits, April 15, 1907. Rehearing Denied June 17, 1907.)

1. APPEAL—PROCEDURE—CITATION.

Where an appeal is taken during the term of court at which the judgment is signed and the day after the signing, it may be taken by motion, and citation is unnecessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2099.]

On the Merits.

2. LANDLORD AND TENANT—REPAIRS—DUTIES OF LANDLORD.

A lessor is as much bound to keep the necessary approaches to the apartments which he lets in a safe condition, for ordinary use, as the apartments themselves.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 629.]

3. COSTS — SECURITY FOR COSTS — RULE TO FILE.

Section 4 of Act No. 136, p. 190, of 1880, entitling defendant to demand "bond or other security" for costs, is not confined in its application to one bond to be given at the inception of the litigation, but may be invoked, from time to time, as occasion may require. When, however, the ex parte order to furnish a second bond is not served on plaintiff, or at his domicile, but on his attorney, whose authority in the premises is not shown, and the bond is filed before the day fixed for the hearing of a rule taken for the dismissal of the suit, such rule is properly discharged.

4. LANDLORD AND TENANT—INJURY TO TENANT—CONTRIBUTORY NEGLIGENCE.

Lowering furniture over the railing of a gallery is not the ordinary use for which the lessor is presumed to warrant the safety of such railing; and those who resort to such means, when other and safer ways are open to them, do so at their own risk, and not at the risk of the lessor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 642.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Robert Glain against Joseph Sparandeo. Judgment for plaintiff. Defendant appeals. Reversed.

Stafford, Lambert & Robinson, for appellant. George Joseph Untereiner, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. Plaintiff (appellee) moves to dismiss the appeal herein, on the ground that it was taken by motion, and without citation, during a term of the court subse-

quent to that in which the judgment appealed from was rendered.

The judgment was rendered on June 26th of one term, and signed on October 15th of the next term, and the appeal was taken on the day after the signing. It was properly taken by motion in open court and citation was unnecessary. Louque's Digest, pp. 15, 16, Tit. "Appeal" 1 (b) Nos. 1, 2, 3, 8, 9, 10, 11; Sackett, Grymes & Co. v. Attaway, 11 La. Ann. 181; Consolidated Association v. Mason et al., 24 La. Ann. 518.

The motion to dismiss therefore overruled.

### Statement of Case.

Plaintiff, by original petition, alleges that he leased from defendant a portion of certain premises (a room) opening upon a side gallery; that, while moving out, the gallery gave way, and he was precipitated to the ground and injured; that the supports of the gallery were rotten, but that the defect was not apparent; and that defendant was negligent in failing to have the gallery inspected, and is liable, on his warranty as lessor, in damages for said injury. By supplemental petition, he alleges that he was lowering a dresser over the railing of the gallery when the railing and posts gave way, causing the dresser to jerk and pull him over. Defendant filed an exception of "no cause of action," and answered that defendant, having failed to pay his rent, was notified to vacate the premises on July 31, 1905, but failed to do so, and that on August 7th, the date of the alleged accident, he had ceased to be a tenant of defendant, and was a trespasser, or third person, to whom defendant was under no contractual obligation.

It appears from the record, and the admission of counsel, that plaintiff gave a bond for costs, in the sum of $25, and that subsequently defendant obtained an ex parte order directing him to furnish an additional bond, in a like sum, which order (made April 10th) was served April 11th on plaintiff's attorney; that on April 23d defendant ruled plaintiff to show cause why his suit should not be dismissed, on the ground that the additional bond had not been furnished; that before the return day of the rule (April 27th) the additional bond had been furnished, and that the rule was dismissed.

It further appears that plaintiff had paid his rent up to July 13th, but that, not paying in full for the succeeding month, he was notified to move out, and was in the act of doing so when the accident occurred. A portion of his furniture had been carried out through the front of the house, but it was decided to lower a bureau, or dresser, over the railing of the back gallery down into the yard. Merrick and Taylor, two men who had been hired for the purpose, lifted the dresser over the railing, and rested it on the edge of the gallery, while plaintiff held one end of a rope, the other end of which had been tied around the dresser, and the dresser was then pushed off the edge of the gallery, thus bringing the strain of its weight, by means of the rope, plus, as we think, part of the weight of the men, upon the railing, which at that moment gave way, precipitating men and dresser into the yard below. The dresser was provided with three drawers, and several witnesses say that they had not been removed, and were filled with books, crockery, etc., whilst other witnesses testified that they had been removed. We are inclined to think that they had been removed. Plaintiff and Taylor testify that the dresser was lifted over the railing, and was then launched from the edge of the gallery without their touching or pressing against the railing. Merrick testifies that he pressed against the railing, and we think they all did, and, as the railing gave way when the dresser was launched in the air, that its giving way was caused by their pressing against it in conjunction with the strain of

the rope to which the weight of the dresser was then applied. There is some pretense that the attempt to remove the dresser in the manner described was made because there was a hole in the landing of the front stairway, but the real reason appears to us to have been that it involved less work. Whether the wood of the railing was rotten or sound is not shown with any certainty. Plaintiff was not seriously injured, though he appears to have taken rather a long holiday, and the judge a quo awarded him $75. Defendant prosecutes the appeal.

## Opinion.

The lessor, we think, is as much bound for the safety, for ordinary use, of the necessary approaches and exits to and from the apartments which he lets as for the safety of the apartments themselves. The exception of no cause of action was therefore properly overruled.

Section 4 of Act No. 136, p, 190, of 1880, entitling defendant to require "bond or other security" for costs, is not confined in its application to one bond to be given at the inception of the litigation, but may be invoked, from time to time, as occasion may require. In the instant case, however, the second order upon the subject was not served on plaintiff, or at his domicile, but on his attorney; and, in the absence of proof of the authority of the attorney in the premises, and in view of the fact that the second bond was furnished before the day fixed for the hearing of the rule to dismiss, we are of opinion that the rule was properly discharged. On the merits, we think the case is with the defendant. The use to which the railing of the gallery was subjected was not the ordinary use for which the lessor is presumed to have warranted it, and, whilst persons, in moving heavy articles, may choose to rely on such supports, they do so at their own risk when the customary and safer way is open to them.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff's demand be rejected, and his suit dismissed, at his cost in both courts.