WILLIAM SCHLEEF, Respondent, v. FLORENCE H. SCHOEN, Executrix of the last Will and Testament of ISSAC A. SCHOEN, Deceased, Appellant.*

St. Louis Court of Appeals.   Opinion Filed March 3, 1925.

1. **MASTER AND SERVANT: Servant Injured: Duty of Master to Provide Reasonably Safe Appliances: Nondelegable.** Where a servant used an elevator in the line of his duty, the master owes him the duty to use reasonable care and caution to provide an elevator reasonably safe for the purpose for which it was intended to be used, which duty is a primary obligation and cannot be delegated so as to shield the master from responsibility.

2. ———: ———: **Elevator Falling: Defective Cogwheel: Whether Inspection of Elevator Would Have Disclosed Defect: Jury Question.** In an action by a servant for damages for injuries sustained by the fall of an elevator caused by, the breaking of an alleged defective cogwheel, over which a rope ran that held the elevator car, in

which defendant claimed he had the elevator gone over and put in good condition immediately prior thereto, *held*, under the evidence adduced, it was for the jury to decide whether or not an inspection of the elevator, such as defendant in exercise of reasonable care, was required to make, would have disclosed the defective condition of the cogwheel.

3. **EVIDENCE:** Witnesses: Admission of Conclusion of Expert Witness: Not Prejudicial Where Undisputed Evidence Showed Same Fact. In an action by a servant for damages for injuries sustained by the fall of an elevator, caused by the breaking of a defective cogwheel, refusal of the trial court to exclude a conclusion of plaintiff's expert witness that from the strain of the elevator it weakened the cogwheel, was not prejudicial where the evidence was uncontradicted that the fall of the elevator was due to the breaking of the cogwheel, which carried the elevator, and that the strain of the elevator caused the wheel to break.

4. ————: Admissions: Admission of Testimony Against Defendant as Admissions: Not Prejudicial Where Fact Testified to Was Undisputed. In an action by a servant for injuries sustained from the fall of an elevator, the admission of testimony that a partner of defendant had pointed out broken parts of the cogwheel as being the wheel that caused the elevator to fall, was harmless, in view of the fact that it was not disputed that the broken parts of the wheel testified to comprised the wheel in question.

5. **DAMAGES:** Excessive Damages: Verdict for $6800. Not Excessive for Fracture of Hip and Right Arm and Permanent Injuries to Back and Spine. An award of $6800 to plaintiff earning $35 a week at the time of the accident, who sustained a fracture of the right hip joint, the ilium pelvis bone, and right arm, and a concussion of the brain and injuries to the back and spine and shoulders, and permanent injuries to the arm, back and spine, resulting in his being confined to a sanitarium for over five weeks, and that for six months after the accident he suffered continuous and severe pain, rendering plaintiff unable to do any work up to the time of the trial, *held* not excessive.

---

*Headnote 1. Master and Servant, 26 Cyc., p. 1104; 2. Master and Servant, 26 Cyc., p. 1463; 3. Appeal and Error, 4 C. J., Section 2957; 4. Appeal and Error, 4 C. J., Section 2957; 5. Damages, 17 C. J., Section 408.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*W. E. Moser* for appellant.

(1) There was no evidence of any negligence on the part of defendant. The defendant employed an independent contractor to perform whatever work was necessary to make the elevator in question reasonably safe. If there was any negligence in connection with that work, it created a liability on the part of such independent contractor and not on defendant. Press v. Penny, 242 Mo. 98; O'Hara v. Laclede Gas Light Co., 244 Mo. 395. (2) The expert witness Donnigan should not have been permitted to testify that the old crack, discovered by his examination, months after the accident, weakened the wheel and that the strain of the elevator eventually broke the hub clear through, because such testimony was not an opinion but was merely a conclusion on his part, it invaded the province of the jury and decided one of the principal issues of the case. There is an essential difference between permitting a witness to give an opinion and permitting him to draw conclusion. Taylor v. Railroad, 185 Mo. 239; German-Am. Bank v. Camery, 189 Mo. App. 542; Wesner v. Railroad, 177 Mo. App. 117. An expert witness may not give his conclusion concerning the existence or non-existence of the very matters and conditions which are vital issues in the case. Kaw Feed & Coal Co. v. Railroad, 129 Mo. App. 498; Parker v. Aetna Ins. Co., 232 S. W. 708; Security Prtg. Co. v. Ins. Co., 209 Mo. App. 442; McAuliffe v. Rys. Co., 237 S. W. 129; Masterson v. Transit Co., 98 S. W. 504; Nash v. Dowling, 93 Mo. App. 156. (3) The testimony of the witness, Mr. Pirkey, concerning alleged admissions said to have been made by "one of the Mr. Schoens" was incompetent and should have been stricken out on defendant's motion, because there was no showing of any authority in said "Mr. Schoen" to make admissions binding defendant. And if it is claimed that such authority arose out of an alleged partnership, there was no evi-

dence of any partnership relation. Roark v. Pullam, 207 Mo. App. 425; Ellis v. Brand, 176 Mo. App. 383; Aehle v. Brand, 176 Mo. App. 395. (4) The verdict of the jury was excessive.

*John Neu, Jr.*, and *Earl M. Pirkey* for respondent.

(1) Where a partnership is alleged in a petition and not denied under oath in the answer it is taken as admitted. R. S. 1919, sec. 1415. (2) Where defendant does not stand on his demurrers but asks and the court gives an instruction on facts then the defendant has abandoned his demurrer and elects to abide by the decision of the jury on his instruction. Davidson v. Hines, 246 S. W. 303, column 2, line 2; Baker-Matthews Lumber Company v. Leach, 255 S. W. 955, par. 6.

BRUERE, C.—The plaintiff was injured, on December 5, 1922, by the falling of a freight elevator, while in the employ of Isaac A Schoen, Aaron Schoen and Lee M. Schoen, partners in business; and brought this action against said partners to recover for his injuries. No service was had upon defendants, Aaron Schoen and Lee M. Schoen, and plaintiff dismissed this cause as to said defendants. The judgment below was for the plaintiff, and against the defendant, Isaac A. Schoen, for sixty-eight hundred dollars, and the defendant appealed. Since the appeal was taken, the defendant died and by consent the cause was revived against his executrix.

The petition charges that the defendants were partners in business, and as such were the owners of and in possession and control of an elevator situate in the premises known as 112 Pine street in the city of St. Louis, Missouri; that plaintiff was in the service of defendants as a laborer; that while he was on the car of said elevator, in the discharge of the duty of his said employment, the cogwheel at the top of the elevator, over which a rope ran that held the elevator car, broke and thus caused said

car to fall to the basement, whereby plaintiff was greatly jarred and permanently injured.

The negligence charged in the petition, and upon which the cause was submitted to the jury, is that the cogwheel was defective in that it had a crack or flaw in it and that this defect caused it to break; that defendants knew, or by the exercise of ordinary care would have known, that said wheel had such crack or flaw in it and of the danger of injury to plaintiff therefrom before plaintiff was injured and in time to have by the exercise of ordinary care remedied said condition before plaintiff was injured and thereby averted the injuries to plaintiff, but that defendants negligently failed to do so and negligently maintained said elevator in its said defective condition and negligently required plaintiff to use said elevator and be on the car thereof.

The answer was a general denial.

The assignments of error go to the court's refusal to direct a verdict for defendant at the close of all the evidence, to the rulings of the court in the admission of evidence, and to the action of the jury as to the amount of damages awarded by them.

The facts are these: The deceased and his two sons, Aaron and Lee M. Schoen, were partners in business and as such were engaged in the fur business in the building known as 112 Pine street in the city of St. Louis, Missouri. Said building was equipped with an electric elevator. This elevator was of the type known as a gravity elevator. It ascended through the application of electrical power and descended by gravity. At the top of the elevator shaft and fastened to a heavy timber was a cast iron cogwheel over which a rope ran that carried the elevator. The defendants were in the possession of this elevator and used it in conducting their said business. The plaintiff was in the employ of the defendants as a laborer. His duties required him to use said elevator in carrying materials from different parts of the said building. At the time of the accident he intended to carry, by means of the elevator, some tires from the fourth

floor of said building to the basement. While engaged in putting the tires upon the elevator, at said fourth floor, it suddenly and without warning fell to the bottom of the shaft and the plaintiff received severe and permanent injuries. The evidence is undisputed that the fall of the elevator was due to the breaking of the said cast iron cogwheel.

In behalf of the plaintiff, the evidence tended to show that the said cogwheel, which carried the entire load of the elevator, was defective in that it had old cracks and flaws in it of long standing; that said defects were patent and rendered the elevator dangerous when used, and that they caused said cogwheel to break.

The defendant's evidence tended to show that defendants had leased the building and moved into it on November 28, 1922; that the defendants employed the Bauer Elevator Company to go over the elevator and put it in good condition; that said company examined the elevator and, with the exception of the motor, discovered nothing wrong with it; that the Bauer company repaired the motor and turned the elevator over to the defendants on December 2, 1922, and that the elevator was in continuous use after said last named date until December 5, 1922, when plaintiff was injured.

The evidence is undisputed that the plaintiff was in the line of his duty in the use of the elevator. The defendant, therefore, owed him the duty to use reasonable care and caution to provide an elevator reasonably safe for the purpose for which it was intended to be used. This duty of the defendant was a primary obligation which he could not delegate so as to shield himself from responsibility. This rule of law is so well settled that it needs no citation of authorities to support it.

Counsel for defendant contend that the evidence shows, as a matter of law, that the defendant discharged its whole duty when it caused the elevator to be inspected by the Bauer Elevator Company shortly before the accident, and when said company, after repairing the elevator, adjudged it to be in a safe condition.

The fact that the elevator was repaired and adjudged to be in a safe condition by the Bauer company is not alone sufficient to excuse the defendant from liability. The defendant was bound to use reasonable care to see that the elevator was reasonably safe.

Reasonable care involves proper inspection. To excuse the defendant from liability, on the theory contended for, the elevator must have been properly inspected. It was the duty of defendant to employ persons of reasonable skill and experience to inspect the elevator, and he was responsible for the negligence of such inspectors in performing their work. The defendant is chargeable with knowledge of the defect in the cogwheel of the elevator if, by the exercise of proper inspection, said defect could have been discovered. In the case at bar the fall of the elevator was due to the breaking of a defective cogwheel. According to the evidence of the plaintiff, which for the purpose of the demurrer must be taken as true, the defect in the cogwheel was open and visible to a person of reasonable skill and experience in the operation of elevators and could have been discovered long prior to the accident by the exercise of proper inspection. Under the evidence adduced, it was for the jury to decide whether or not an inspection of the elevator, such as the defendant in the exercise of reasonable care was required to make, would have disclosed the defective condition of the cogwheel, and the trial judge did not err in refusing to direct a verdict for the defendant. [Chry v. Griffin Wheel Co., 153 Ill. App. 175, l. c. 179, 181; Kentucky Distilleries and Warehouse Co. v. Leonard, 79 S. W. 281, l. c. 282, 284; Ford v. Crigler, 74 S. W. 661, l. c. 262; Reinhardt v. Central Lard Co., 74 N. J. Law, 9, l. c. 10, 11; M. O'Connor and Co. v. Gillaspy, 170 Ind. 428; Young v. Mason Stable Co., 96 N. Y. App. Div. 305, l. c. 306; Springer v. Ford, 88 Ill. App. 529, l. c. 530; Grifhahn v. Kreizer, 70 N. Y. Supp. 937, l. c. 974; Yarbrough v. Swift and Co., 119 La. 343, l. c. 347; Grifhahn v. Kreizer, 62 App. Div. N. Y. 413, l. c. 419; 18 R. C. I., p. 560, secs. 71, 72, 75.]

At the trial H. G. Donnigan testified for the plaintiff as an expert on cast iron. Said witness testified that he made an inspection, after the accident, of the broken parts of the cogwheel and found three old cracks, oil soaked, in the wheel; that part of the break on the hub of the wheel was a new break and that *"from the strain of the elevator it weakened the wheel."* Counsel for defendant moved to strike out that part of said witness' testimony which is italicized on the ground that it was simply the conclusion of the witness. This motion the trial court overruled. Counsel for defendant contend that the action of the court in overruling said motion is reversible error.

In view of the fact that the evidence stands uncontradicted that the fall of the elevator was due to the breaking of the cogwheel, which carried the elevator, and that the strain of the elevator caused the wheel to break, the evidence objected to was not prejudicial to the defendant.

Objection was further made to the testimony of Earl M. Pirkey, a witness for the plaintiff, who testified that the broken parts of the cogwheel were pointed out to him by Mr. Schoen, one of the said partners of the deceased, as being the wheel that caused the elevator to fall; and that said wheel was the same wheel that had been shown to witness by the deceased as being the wheel that caused the elevator to fall.

Counsel for defendant moved to strike out said testimony on the ground that there was no showing of any authority on the part of Mr. Schoen, to bind the defendant by his said admission.

In view of the fact that it was not disputed at the trial that the broken parts of the wheel testified to by the witness, Earl M. Pirkey, comprised the wheel in question, the point raised is without merit.

As to the assignment of error that the verdict is excessive, we do not think the amount of the verdict will justify interference by this court. The evidence tends to show that the plaintiff sustained a fracture of the right

hip joint, the ilium pelvis bone and a fracture of the right arm and a concussion of the brain and injuries to the back, spine and shoulders. The injuries to his arm, back, and spine are permanent. The evidence further shows that because of his injuries he was confined to a sanitarium for over five weeks, and that for six months after the accident he suffered continuous and severe pain. Plaintiff testified at the trial, on the 19th day of February, 1922, that, because of the injuries, he had been unable to do any work or earn any money since the accident and that he was earning, in wages, at the time of the accident, thirty-five dollars a week.

We cannot on the evidence in this record, say that the amount awarded by the jury as damage is excessive.

It follows that the judgment herein should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.