## No. 11,856

## Orleans

## CONNORS v. TURNEY

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Wm. J. Hennessey and Wm. J. Hooper, of New Orleans, attorneys for plaintiff, appellant.

William A. Wenck and James L. Landry, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This suit involves the question of whether or not the provisions of section 4 of Act 136 of 1880, with reference to the dismissal of suits for failure to file security for costs within the time limit fixed in the order therefor, are self-operative.

The petition was filed on August 29, 1928. On October 16, 1928, defendant sought and obtained from the district judge an order requiring plaintiff to furnish within 10 days security for costs in the sum of $25. . This security for costs was filed on September 13, 1928, or nearly 30 days after the order requiring it was served.

On December 17, 1928, on motion of plaintiff a preliminary default was entered. Two days later, on December 19th, on motion of defendant, an ex parte order was signed by the district judge setting aside the default and dismissing the suit "as of non-suit." From this judgment of dismissal plaintiff appeals.

The judgment in question was rendered on the theory that the failure of plaintiff to file the security for costs within the time limit set forth in the order of October 16th ipso facto effected a dismissal of the suit.

The pertinent portion of section 4 of the act in question reads as follows:

"That the court shall fix the delay within which such bond or security for costs shall be furnished, and the failure to furnish the same, within such delay, shall operate a dismissal of the proceedings as in case of non-suit."

The notice to furnish security for costs is in the following language:

"Please to take notice, that you are required by the Defendant and the Court to furnish security for costs in the above entitled cause in the sum of $25.00 Dollars within ten days from the service hereof, or in default of which said cause will be dismissed as in case of non-suit, in accordance with Section 4, of Act 136 of 1880."

Plaintiff, however, contends that the Supreme Court has interpreted that provision of the statute as giving merely a right to ask for an order of dismissal, but not as having that effect automatically and without further action.

Plaintiff also maintains that, if the section in question is construed as contended for by defendant, then the statute is unconstitutional, in that its provisions embody subject-matter not contained in the title, since the title refers only to the method of providing for the fixing of fees and for costs of court, whereas, the provision in question refers to dismissal of suits.

However persuasive the argument that the act in question is repugnant to the State Constitution may at one time have appeared, we cannot now be swayed by it, because that matter was disposed of by the Supreme Court in Grinage vs. Publishing Company, 107 La. 122, 31 So. 682, 683, in which the court said:

"Regulating the collection of costs is a term broad and comprehensive enough to cover the requirement of security for costs, and as defendant may incur obligation for costs and pay out money for costs in the preparation of its defense, it is not without the pale of the title of the act when the body thereof authorizes the exaction from plaintiffs of a bond for the costs it may expend.

"The bond, even though exacted at the instance of defendant, inures, at last, to the benefit of the clerk and sheriff, and is, therefore, pertinent and germane to the subject with which the act deals, to wit: the costs of those officials. See Hope vs. City of New Orleans, 106 La. 345, 30 So. 842."

The remaining question is whether or not the provision contained in section 4 of the act that: "* * * the failure to furnish the same, within such delay, shall operate a dismissal of the proceedings as in case of non-suit," is self-operative.

Under it, does failure to file a bond within the time limit set forth in the order ipso facto and without any action whatever on the part of the court terminate the proceedings? The words of the section might so indicate if it were not for the interpretation apparently placed thereon by the Supreme Court in certain cases to which we will now refer.

In Aiken vs. Robinson et als., 52 La. Ann. 925, 27 So. 134, the Supreme Court, in referring to the proceedings in the district court said:

"* * * It was ordered by the court that Mrs. Robinson give security for costs in the sum of $250, within 10 days from date of the order, and that, in default of her so doing, her action be dismissed.

"On rule taken by Mrs. Robinson to have this order set aside, the court ordered that the amount of the bond to be given be reduced to $75, but that the order as so amended should stand.

"No action seems to have been taken under this order."

It will be noted that the order in the Aiken case was issued under section 4 of Act 136 of 1880, and contained language indicating that the failure to comply therewith, within the time limit, would automatically effect the dismissal of the suit. Nevertheless, when the Supreme Court was asked "to dismiss the appeal on the ground that by order of the district court Mrs. Robinson had been required to give bond for costs in the sum of $75 within 10 days from the date of the order; that the delays had expired, and the bond had not been furnished," that court said:

"The motion cannot be granted.

"The order in question was an interlocutory order, granted in the district court, which that court was called on to take action upon.

"It did not do so."

The words, "which that court was called on to take action upon," are significant. If the expiration of the time limit automatically dismissed the suit, no action was required of the district court.

We think that the discussion in the case of Glain vs. Sparandeo, 119 La. 339, 44 So. 120, 121, also throws light on the subject. There an order to furnish security for costs was not complied with within the time limit fixed in the order, but was complied with thereafter. On motion to dismiss the suit on this ground, it is true that the court said that the order had not been

served on plaintiff himself but instead on his attorney, but it did not rest the refusal to dismiss the suit solely on that ground, but, as an additional reason for its refusal, said:

"* * * In view of the fact that the second bond was furnished before the day fixed for the hearing of the rule to dismiss, we are of opinion that the rule was properly discharged."

Often orders to furnish security for costs are not complied with until after the time limit set forth therein, that many such cases have gone to final judgment on the merits. If defendant is correct, all such judgments are absolute nullities because, immediately upon the expiration of the time limit fixed in each order, each respective suit was automatically dismissed, and manifestly could no longer be prosecuted.

If, as is contended, the mere failure to file the bond within the time limit, without further action, dismisses the suit, how could the filing of the bond after dismissal revive the litigation? We are of opinion that an order requiring that security for costs be filed within a fixed time, and providing that failure to comply therewith shall "operate a dismissal of the proceeding as in case of non-suit," is not self-operative, and that an additional order dismissing the suit is necessary, and that the security for costs may be filed at any time prior to the order of dismissal.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that this matter be remanded to the district court for further proceedings not inconsistent with this opinion.