## COLLINS PIANO CO., INC., v. ZIEGELER

---

(December 14, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

---

Sanders, Baldwin, Viosca & Haspel and L. A. Molony, of New Orleans, attorneys for plaintiff, appellee.

Theodore Cotonio, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit on a written contract dated March 3, 1929, to recover a balance of $193.10 said to be due on the purchase price of a Victor combination radio and victrola, which plaintiff alleges was sold and delivered to the defendant for the sum of $347.50.

The suit was filed on December 23, 1930, and, on January 7, 1931, defendant, on motion, secured an order from the judge requiring the plaintiff to furnish a $25 cost bond.

On January 9, 1931, defendant filed an answer admitting that he signed the contract, but averring that he signed it through error, because the instrument was not what the plaintiff represented it to be, and further defended on the ground that the machine was defective, because it was incapable of producing sufficient sound volume and did not give the tone quality as represented.

When the case was called for trial on the merits on February 18, 1931, defendant objected to the case being tried on the ground that the plaintiff had failed to comply with the order of the court to furnish a cost bond.

Counsel for plaintiff urged that the case be tried, first, because the order directed plaintiff to furnish the bond within five days after the plaintiff was notified thereof and that it had never received any such notification, and, second, on the ground that issue was joined on the merits by the defendant filing his answer, in which he did not reserve his rights and, hence, waived them.

The court overruled the defendant's objection, heard the case on the merits and rendered judgment for the plaintiff as prayed for, but ordered plaintiff to furnish a cost bond the following day, in obedience to which order the plaintiff properly filed the bond. The defendant has appealed.

Counsel for defendant first contends that, having duly filed a motion for the cost bond, which the court ordered plaintiff to file, and as plaintiff failed to file the bond and defendant timely objected to the court hearing the case on its merits, no legal proceeding could be conducted until the plaintiff complied with the order to furnish the cost bond under the provisions of section 4 of Act No. 136 of 1880. The pertinent portion of that section of the act reads:

"* * * That the defendant in any cause or proceeding shall have the right to require the plaintiff or party prosecuting the same to give bond or other security, in such amount as may be fixed by the court, to secure the repayment of final termination of the cause of all costs expended by the defendant therein. That the order requiring such bond or security for costs shall issue ex parte on the application of the party, without costs, and no further proceeding shall be had in such cause until such bond or security has been furnished."

Now the order of the court directing the defendant to furnish bond reads as follows:

"On motion of defendant, F. J. Ziegeler, Theodore Cotonio of counsel.
"It is ordered by the court that plaintiff do furnish bond or other security for costs in the sum of $25.00 within five days from the notification hereof and in default of plaintiff's so doing that this suit stand dismissed."

The record conclusively shows that plaintiff was never notified of this order, or served with a copy of it, and first learned of it on the day of trial.

While the language of section 4 of the act does not specifically provide that notice of the order requiring the furnishing of a cost bond, or that a copy thereof, shall be served upon the plaintiff, nevertheless, such a notice or service of a copy of the order is impliedly contemplated. The court, under the last-quoted sentence of the section has the right to fix the delay within which the bond or security shall be furnished, and certainly, since it is an ex parte order, it would be most unreasonable and arbitrary to say that the legislature did not intend that the plaintiff should have some notice of the existence of such an order, particularly since the judge has discretion in fixing the time within which the bond or security is to be furnished. In the case of Glain v. Sparandeo, 119 La. 339, 343, 44 So. 120, 121, the Supreme Court said:

"Section 4 of Act No. 136, p. 190, of 1880, entitling defendant to require 'bond or other security' for costs, is not confined in its application to one bond to be given at the inception of the litigation, but may be invoked, from time to time, as occasion may require. In the instant case, however, the second order upon the subject was not served on plaintiff, or at his domicile, but on his attorney; and, in the absence of proof of the authority of the attorney in the premises, and in view of the fact that the second bond was furnished before the day fixed for the hearing of the rule to dismiss, we are of opinion that the rule was properly discharged."

It is to be noted that the Supreme Court, in using the language "In the instant case, however, the second order upon the subject was not served on plaintiff, or at his domicile, but on his attorney," clearly indicates that that court considered that service of the order or notice thereof was necessary before the plaintiff's rights could be affected.

We conclude that, since the order specifically provided that the plaintiff should have five days from notification within which to furnish the bond, and, as the language of section 4 of the act of 1880 impliedly requires notification of the order, or service of a copy thereof on the plaintiff, that the first contention of the plaintiff is without merit.

Counsel for defendant strenuously insists that we should remand the case because he objected to the court trying the case on the merits until the bond was furnished. From the record it appears that the defendant went to court prepared to try the case on its merits. It was only when the case was called for trial that his attorney learned that the cost bond had not been filed. Counsel for defendant does not contend that his client's rights were in any way prejudiced by the court ordering the case to be tried. He does not point out any disadvantage his client suffered as a result of taking the case up at that time. It is not shown that if we were to remand the case that additional evidence would be produced by the defendant throwing additional light upon the matter in controversy. In view of these circumstances we have decided to decline the request to remand the case.

Passing to the merits of the case, it appears that the instrument was purchased on March 3, 1929, and payments were made regularly until September 13, 1929. The defendant has retained possession of the instrument and continues to use it. Defendant and his witnesses, admit that they do not know anything about the radio, and his only complaint is that there was a humming noise. There is not any lay or expert testimony showing that there was any defect in the instrument or that the humming was caused by any defect in the machine either at the time it was sold or subsequently. The case was feebly contested in this court on the merits and, as only an issue of fact is involved, we believe that the record amply justifies the finding of the trial court.

For the reasons assigned the judgment is affirmed.