HALL, Chief Judge.
In this wrongful death and survival action, plaintiff Webster Johnson, Sr., individually and in his capacity as natural tutor of Michelle Denise, Marcus Deon and Webster Johnson, Jr., appeals the trial court’s granting of a motion to dismiss in favor of defendant-appellee St. Francis Medical Center, Inc. The issue to be decided on appeal is whether the trial court erred in denying plaintiff’s motion to proceed in forma pau-peris and in subsequently dismissing plaintiff’s action without prejudice for failure to timely post a bond for costs. Finding the trial court erred in dismissing the action, we reverse and remand.
In January of 1983 plaintiff filed suit against the hospital seeking damages for the death of his wife and the children’s mother allegedly caused by the negligence of defendant while she was in the hospital for surgery.
On December 26, 1986, defendant filed a “Rule for Security for Costs” in the amount of $3,500 to be provided in accordance with LSA-R.S. 13:4522. Prior to the hearing on the rule, plaintiff filed a “Petition to Proceed in Forma Pauperis” which was denied by Judge Boddie on February 23, 1987 with a notation by the judge that “Upon the facts presented this court has concluded that Webster Johnson, Sr., is not entitled to the relief requested.” Judgment was rendered by Judge Harrison the next day, February 24, 1987, and signed March 9, 1987 reciting that the parties had appeared and advised the court that they had reached an agreement, and ordering pursuant to the agreement that plaintiff *805 post security for costs in the amount of $2,500 within 20 days from the date of the judgment.
On May 5, 1987 defendant filed a motion to dismiss plaintiffs suit since the bond had not been posted as of that date. The motion was scheduled for hearing on May 19, 1987. On May 18, 1987 plaintiff filed a bond for costs.
After the hearing on May 19, 1987, the court (Judge Joyce) dismissed plaintiffs suit without prejudice. Plaintiff perfected an appeal on June 5, 1987.
Plaintiff contends that the trial court erred in denying his motion to proceed in forma pauperis and the granting of the dismissal without prejudice was improper under LSA-R.S. 13:4522 which provides:
The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof. (Emphasis added)
Defendant argues that (1) the appeal from the order denying plaintiffs motion to proceed in forma pauperis was not filed timely; (2) the trial court has great discretion in determining whether plaintiffs are entitled to proceed in forma pauperis and it did not abuse its discretion; and (3) where the bond is not filed timely in accordance with LSA-R.S. 13:4522 the trial court shall order the case dismissed.
I.
The appeal from the judgment dismissing plaintiffs suit was timely filed. Defendant urges, however, that there was no timely appeal from the order denying the forma pauperis motion which was signed more than 60 days prior to the filing of the appeal.
An appeal may be taken from a final judgment, an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur. LSA-C.C.P. Art. 2083. A judgment denying plaintiffs motion to proceed in forma pauperis does not determine the merits but only a preliminary matter in the course of the action, and is interlocutory. LSA-C.C.P. Art. 1841. Interlocutory judgments which do not cause irreparable injury are not independently and immediately appealable. People of the Living God v. Chantilly Corp., 251 La 943, 207 So.2d 752 (1968); Nicholson v. Holloway Planting Co., Inc., 262 So.2d 176 (La.App. 1st Cir.1972). Accordingly, appeal delays did not begin to run upon the denial of plaintiffs motion to proceed in forma pauperis.
Upon appeal from a final judgment of dismissal an appellate court may always review the correctness of the trial court’s interlocutory orders or judgments. People of the Living God v. Chantilly Corp., supra; Detraz v. Fontana, 398 So.2d 141 (La.App. 3d Cir.1981); Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir.1973); Nicholson v. Holloway Planting Co., Inc., supra. Thus, the issue of whether the trial court erred in denying the motion to proceed in forma pauperis is properly before the court on the appeal from the final judgment dismissing plaintiffs suit.
II.
An individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor. LSA-C.C.P. Art. 5181. Generally, a litigant’s right to proceed in forma pauperis is largely within the discretion of the trial court. Cedotal v. Wausau Insurance Co., 497 So.2d 395 (La.App. 3d Cir.1986); Jolivette v. Jolivette, 386 So.2d 707 (La.App. 3d Cir.1980).
The privilege to litigate in forma pauperis is intended to be restricted to those who are clearly entitled to it so that the statute will not be abused, but a liberal *806 construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it. Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977); Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3d Cir.1975).
In determining a litigant’s qualifications or not to proceed as an indigent, the court must take a realistic view as to the litigant’s actual ability to advance or secure court costs out of net income available for that purpose, after payment of reasonable living expenses and debts, and in view of unencumbered property other than a modest family residence. Benjamin v. National Super Markets, Inc., supra; Houston v. Brown, 292 So.2d 911 (La.App. 2d Cir.1974); Stump v. City of Shreveport, 255 So.2d 210 (La.App. 2d Cir.1971). The issue is the litigant’s ability to pay costs and advance costs or post bond for costs so that if found unable to do so the litigant will not be deprived of his day in court. Cedotal v. Wausau Insurance Co., supra; Crowe v. Howard, 372 So.2d 1057 (La.App. 1st Cir.1978).
It is not the income that the litigant has which determines whether he is indigent, but it is what happens to the money that comes in. The general approach is to balance against income the needs of living and of paying other bills and expenses, and then determine whether the residual income (or savings or surplus property) is adequate to pay the expected cost of litigation or to furnish a bond therefor. Benjamin v. National Super Markets, Inc., supra; Hollier v. Broussard, 220 So.2d 175 (La.App. 3d Cir.1969).
Webster Johnson, Sr. is a school teacher and is a resident of Los Angeles, California. According to his affidavit he earns $41,964 per year or $3,497 per month and his net pay is $1,821 per month or only 52% of his gross salary. He has monthly expenses totaling $2,286, consisting of $750 rent, $462 car note, $162 furniture note, $100 utilities, $60 telephone, $60 gas, $400 food, and $100 miscellaneous. The affidavit contains no information as to whether plaintiff has other assets or resources. On the basis of the information in the record and considering that plaintiff has annual income of over $40,000 with deductions from salary and expenses that seem more than moderate, the trial court did not abuse its discretion in denying the motion to proceed in forma pauperis, even though plaintiff’s affidavit reflected expenses in excess of net pay. It would appear that plaintiff should be able to pay costs as they accrue and to furnish security for costs, and he did in fact post the required bond for costs.
III.
While the trial court did not err in denying plaintiff’s motion to proceed in for-ma pauperis, it erred in dismissing plaintiff’s suit without prejudice when the bond for costs was filed prior to the judgment of dismissal. The record reveals that plaintiff filed his bond for costs the day before the judgment of dismissal was rendered. At the hearing on the motion to dismiss plaintiff’s counsel was not present and apparently neither the court nor defendant was aware of the bond having been filed.
Defendant argues that if the bond is not filed within the time fixed by the district court in accordance with LSA-R.S. 13:4522, the court must order the case dismissed without prejudice. The statute does give the court authority to dismiss plaintiff’s suit but dismissal is not self-operative nor is it mandatory where the security is furnished prior to dismissal. Connors v. Turney, 13 La.App. 91, 126 So. 269 (Orleans 1930). In the Connors case the court held that “the security for costs may be filed at any time prior to the order of dismissal.” See also Glain v. Sparandeo, 119 La. 339, 44 So. 120 (1906) in which the court affirmed a denial of a motion to dismiss holding that “in view of the fact that the second bond was furnished before the day fixed for the hearing of the rule to dismiss, we are of [the] opinion that the rule was properly discharged.”
Although filed untimely, plaintiff’s filing of the bond before dismissal of the suit provides the protection sought by defendant. To dismiss plaintiff’s case after his tardy compliance with the court order *807 would serve only as a sanction which in this case is not warranted.
Accordingly, the judgment of the district court dismissing plaintiffs suit without prejudice is reversed and the case is remanded for further proceedings. Costs of the appeal are assessed to the defendant-appellee.
Reversed and Remanded.