351 So.2d 138 (1977)
Catherine BENJAMIN and Fred Benjamin, Plaintiffs-Relators,
v.
NATIONAL SUPER MARKETS, INC., Defendant-Respondent.
No. 59872.
Supreme Court of Louisiana.
October 10, 1977.
*139 Gerald P. Aurillo, Metairie, for plaintiffs-relators.
William M. Barnett, Guste, Barnett & Shushan, New Orleans, for defendant-respondent.
TATE, Justice.
The trial court granted plaintiffs the right to appeal in forma pauperis. La.C. Civ.P. Arts. 5181 et seq. After hearing, the trial court denied the defendant's motion to traverse the plaintiffs' indigency. It held that the evidence proved that the plaintiffs were unable to prosecute their appeal because of lack of financial means, unless permitted to do so in forma pauperis.
The court of appeal granted supervisory writs and reversed this holding. 346 So.2d 1110 (La.App. 4th Cir. 1977). The court of appeal did so solely on the basis that the husband's gross annual income for the preceding year was $20,898.23 as a longshoreman, despite the family's substantial monthly debts in excess of net income because of the wife's inability to work.
We granted certiorari. 347 So.2d 253 (1977). We did so, because we thought that the intermediate court, by reversing the trial court's exercise of its discretion in the matter, had erroneously relied only upon the apparent gross income of the husband, without taking into consideration the net income and the debts, which indicated an actual present inability of the family to pay the costs of the appeal or to furnish bond therefor.

I.
The statutory test is provided by Article 5181: "An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."
The trial court felt that the statutory requirement was met by the following evidence:
(1) The husband's actual take-home pay was $14,793.19 per year,[1] or about $1,200 per month.
*140 (2) The proven monthly expenses of the family (husband, wife, five children in public schools), together with heavy monthly payments on outstanding past debts, amount to slightly in excess of $1,700 per month. (Due to the wife's disability, she is no longer able to contribute to the family earnings to pay these debts (in excess of income) incurred prior to and during her disability.)
(3) The amount required to perfect the appeal is in excess of $1,000.
(4) The evidence shows that the plaintiffs do not have the funds to pay this cost of the appeal, nor can they make bond to secure these court costs necessary to permit their appeal.
No more than did the trial court, do we find persuasive the defendant's suggestion that this factual finding of inability to pay the court costs is not met, because:
(1) The plaintiffs own a home valued at $27,500 upon which they owe $20,000 (and were in default for 3 months' payments in excess of $200 each at the time of the hearing). The defendant suggests that the petitioners should somehow realize court costs from their $7,500 equity in their home or upon household furniture in the home.
(2) The evidence reflects that petitioners own a 1970 Chevrolet truck and have charge accounts at several stores in the area, although they have no money in their former checking and savings account balances. The defendant apparently suggests that the plaintiffs dispose of this means of family transportation and also charge their future necessities to their accounts, so as to be able to use the husband's earnings to pay court costs instead of food, clothing, school expenses of the children, and mortgage payments.
(3) The evidence shows that, as a result of their successful suit in the trial court, the plaintiffs collected an amount of $9,567 from the defendant several weeks prior to this suit (of which $5,000 was for the wife's personal injury, the remainder for court costs, medical expenses, etc.).[2]
However, the evidence also shows that from this award, they received a net amount of $1,775.55, after deductions (except for $40 for photographs taken by the attorney in connection with another matter) of medical expenses occasioned by the accident, court costs, expenses of the litigation, and attorney's fees for obtaining the judgment (a privileged claim, see La.R.S. 9:5001). The evidence also shows without contradiction that the $1,775 was paid on some past-due bills in order to reduce their balance.

II.
The test provided by the legislature is to allow a litigant to proceed without prepayment of costs or furnishing of bond if he is "unable to pay the costs of court, because of his poverty and lack of means." Article 5181.
We agree with the district court, who allowed the litigant to proceed upon the above showing, that "it is not the income that you have that determines whether you are indigent, but it is what happens to the money that comes in. Here the plaintiffs have given us the proof by which we should allow a person in forma pauperis to proceed" namely, that because of their heavy indebtedness (in part resulting from the effects of the present tort), they are in fact unable reasonably to pay the court costs necessary to perfect their appeal or to give bond therefor.
As we stated in Heyse v. Fidelity & Cas. Co. v. New York, 255 La. 127, 229 So.2d 724, 725 (1969): "The purpose of these [in forma pauperis] articles is to enable indigent persons to assert their causes in the courts of this state." This statutory privilege is to be interpreted liberally in favor of giving indigent persons their day *141 in court. Harrison v. Jones, 187 La. 489, 175 So.2d 37 (1937); Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697 (1919); Brumfield v. Community Mobile Homes Inc., 315 So.2d 901 (La.App. 1st Cir. 1975); Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3d Cir. 1975).
In determining a litigant's qualification or not to proceed as an indigent, the courts have taken a realistic view as to the litigant's actual ability to advance or secure court costs out of net income available for that purpose, after payment of reasonable living expenses and debts, and in view of unencumbered property other than a modest family residence.
See: Gilmore v. Rachl, 202 La. 652, 12 So.2d 669 (1943); Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697 (1919); Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3d Cir. 1975); Houston v. Brown, 292 So.2d 911 (La.App. 2d Cir. 1974); Bodcaw Company v. Enterkin, 273 So.2d 325 (La.App. 3d Cir. 1973); Stump v. City of Shreveport, 255 So.2d 210 (La.App. 2d Cir. 1971); Hollier v. Broussard, 220 So.2d 175 (La.App. 3d Cir. 1969); Crawford v. Government Employees' Ins. Co., 219 So.2d 241 (La.App. 3d Cir. 1969).
Thus, a litigant is not regarded as necessarily disqualified from the privileges granted by the act if he does not dispose of or encumber a modest family home and the furniture in it (Gilmore, Fils) or a modest automobile essential for family transportation (Roy). Likewise, the decisions note the existence or not of debts which might compel the allocation of net income to other purposes than paying the costs of a lawsuit (Gilmore, Houston, Hollier).
Another factor sometimes noted in the decisions concerns the amount of the anticipated court costs, as balanced against the litigant's funds available for that purpose. "The general approach . . . is to balance against income the needs of living and of paying other bills and expenses, and then to determine whether the residual income (or savings or surplus property) is adequate to pay the expected cost of litigation or to furnish a bond therefor." Hollier v. Broussard, 220 So.2d 175, 177 (La.App. 3d Cir. 1969).
In our view, the fallacy of the defendant's argument is the view advanced by it that, in order to proceed in forma pauperis, the plaintiffs are obliged to divert their income to court costs of this litigation, rather than to food, schooling, or other obligations, and to liquidate their equity in their modest home and furniture. The defendant stated in brief to the court of appeal: "It is submitted that the Article contemplates someone destitute of means except perhaps as may be derived from public assistance or charity."
The jurisprudence cited above has uniformly rejected the defendant's view. The purpose ascribed to the legislative privilege is to assure that no litigant be deprived of his day in court because of a lack of financial means to pay court costs.
Thus, an individual's privilege to litigate his claim in our courts is not regarded as a luxury. Rather, it is regarded as a privilege granted him in the interest of individual justice to him, and in the interest of a judicial system designed to provide justice for all. The grant of the privilege to litigate without prepayment of costs is designed to deny depriving any individual of his day in court merely because of his lack of financial means to pay or secure court costs.
It is to be borne in mind, however, that the grant of the privilege to litigate in forma pauperis is founded upon the view that in effect, the governmental bodies are merely furnishing without prepayment of cost its resources to the financially embarrassed litigant, in order to prevent his losing his day in court merely because of the financial expense to the government of entertaining his claim.
Of course, the litigant remains liable for the costs, despite the granting of the privilege allowing him to proceed without their prepayment or bonding. La.C.Civ.P. arts. 5186-88; Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193 (1957). If he *142 subsequently becomes able to pay such costs (e. g., in the present husband's case, upon his receipt of a substantial income tax refund not needed to pay his immediate expenses, see footnote 1), then the costs may be collected from him, assuming they have not been subsequently taxed against the opposing party upon the litigant's prevailing in his litigation.

III.
Essentially, we advert to the circumstance that the trial court exercised its discretion to grant the privilege to the litigants `to proceed in forma pauperis. The ruling was the result of a considered factual determination, following evidentiary hearing, that the plaintiffs were in fact unable to pay the costs of the appeal (in excess of one thousand dollars) and would otherwise be deprived of their day in the appellate court.
Occasionally the appellate courts have reversed a denial of the right to proceed in forma pauperis as inconsistent with the purposes of the act. Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3d Cir. 1975), Crawford v. Government Employees' Ins. Co., 219 So.2d 241 (La.App. 3d Cir. 1969).
However, the general rule is that, in the absence of clear abuse, the appellate courts do not disturb the trial court's discretion in granting or denying the privilege to litigate in forma pauperis, based upon that court's factual determination of the litigant's ability or inability to pay the court costs or to make bond therefor. Houston v. Brown, 292 So.2d 911 (La.App. 2d Cir. 1974); Bodcaw Co. v. Enterkin, 273 So.2d 325 (La.App. 3d Cir. 1973).
Primarily to the trial court is entrusted the duty, on the one hand to see that the privileges granted by the act are not abused, but on the other to permit a qualified indigent such privileges so as not to deprive him of the opportunity of having his claim adjudicated simply because he is financially unable to meet the cost requirements of asserting his claim in the courts. City Stores Company v. Petersen, 263 La. 577, 268 So.2d 662 (1972); Gilmore v. Rachl, 202 La. 652, 12 So.2d 660 (1943); Harrison v. Jones, 187 La. 489,175 So. 37 (1937); Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3d Cir. 1975); Hollier v. Broussard, 220 So.2d 175 (La.App. 3d Cir. 1969).
While the issue might be regarded as close because of the apparently large gross annual income, the evidentiary hearing developed that in fact, due to the nature of the employment (see footnote 1) and the plaintiffs' heavy indebtedness, a real issue existed as to the plaintiffs'[3] actual ability to pay the heavy appeal costs or else be denied their appeal.
Under these circumstances, we cannot say that the trial court abused its discretion or erred in its finding that the litigants would be denied their appeal if not permitted to proceed in forma pauperis. To the contrary, we believe that our trial brother correctly applied the principles summarized in Roy v. Gulf States Utilities Co., 307 So.2d 758, 760 (La.App. 3d Cir. 1975):
"The legislative intent, we believe, was for that privilege [to litigate in forma pauperis] to be restricted to those who are clearly entitled to it so that the statute will not be abused, but that a liberal construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it."

Decree
We therefore reverse the judgment of the court of appeal denying the plaintiffs the right to proceed in forma pauperis, and we reinstate the order of the district court granting them such privilege. All costs of the proceedings involving this issue are to be taxed against the defendants. The case is remanded to the district court for further proceedings in accordance with law and with the appeal there perfected.
*143 COURT OF APPEAL REVERSED; TRIAL COURT RULING REINSTATED; CASE REMANDED.
SANDERS, C. J., dissents, being of the opinion that the judgment of the court of appeal is correct.
SUMMERS, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
While plaintiffs might be improvident in the handling of their financial affairs, they are not indigents as contemplated under the law. La.Code Civ.P. art. 5181, et seq. I consider that the court of appeal correctly overruled the judgment of the district court. 346 So.2d 1110 (La.App. 4th Cir. 1977). Accordingly, I respectfully dissent from the majority opinion.
NOTES
[1] The husband works as a longshoreman. Although the hourly pay for the hours worked is high (and consequently the withholding tax is also high), the hours of work vary greatly week to week.
[2] The husband's appeal seeks recovery of the community's loss of the wife's earnings and future earnings. The wife's appeal seeks an increase in the general damages awarded her.
[3] Under our recent ruling in McCoy v. Winn-Dixie Louisiana, Inc., 345 So.2d 1175 (La.1977), the wife is clearly unable to pay such costs, having no income of her own.