GUIDRY, Judge.
Upon application by Norris Dale Jackson, this Court issued a supervisory writ to decide whether the trial court erred in denying the relator’s motion to proceed in forma pauperis.
The facts, succinctly stated, are that following an adverse judgment on the merits, relator, the plaintiff in the above titled suit, filed a motion for a waiver of costs pursuant to LSA-C.C.P. art. 5181, et seq. After a hearing on the relator’s motion, the trial court determined that although he was unable to pay the costs of court because of his poverty and lack of means, his motion to proceed in forma pauperis should be denied because there existed a contract between the relator and his attorney which called for the attorney to advance all costs of litigation with reimbursement by the client at the conclusion of the suit.
The contingency fee contract between the relator and his attorney reads, in pertinent part, as follows:
“As a consideration for legal services rendered, client agrees to this assignment of interest under the provisions of R.S. 37:218 and R.S. 9:5001, as a contingent interest in said claims in the following percentages, together with all reasonable and necessary expenses incurred and paid by the Attorney for and on behalf of Client in said representation. Expenses chargeable to the Client are: telephone tolls, medical and hospital records, court costs, copy costs, court reporter charges, travel expenses, lodging, and any and all other expenses paid by Attorney for or on behalf of the Client.
“A. 33%% of recovery realized through compromise and without the necessity of filing suit.
“B. 40% in the event suit is filed.
“C. 50% in the event of appeal.
“D. Workmen’s Compensation — 20% of the first $5,000.00 & 10% thereafter.
“It is further agreed that the Attorney will advance all costs of litigation, investigation, depositions, pictures, models and other trial preparations."
The issue presented is whether or not the existence of a contingency fee contract, such as the one before us, prevents the relator from proceeding in forma pau-peris. We think not.
As we read the contract in question, the indigent plaintiff is not relieved of the payment of costs, rather the contract appears to specifically provide that the costs of court are chargeable to the client, and that if the attorney should advance the costs of litigation, that they are refundable to him.
However, in any event, we conclude that the right of an indigent should be determined by his ability to pre-pay the costs without examining any contingency *1075 fee contract entered into between the indigent and his attorney.
Our conclusion that the contract in this case should not bar the relator from proceeding in forma pauperis is based, in part, on the general notion that this statutory privilege is to be interpreted liberally, cf. Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977).
Our other basis for the above conclusion is found in Fils v. Iberia, St. M. & R. Co., 145 La. 544, 82 So. 697, 700 (1919). In that case, our Supreme Court determined that three paupers were entitled to proceed without the pre-payment of costs despite evidence that friends had come forward and offered to pay their court costs. Specifically the court stated:
“. .. and because friends, or sympathetic or charitable persons, are willing to come to his assistance, rather than see him deprived of legal recourse, detracts in no way from his poverty within the intendment of the forma pauperis act.”
For the reasons assigned, the writ is hereby made peremptory and the trial court is hereby ordered to sign relator’s motion to proceed in forma pauperis.
REVERSED AND REMANDED.