SAUNDERS, Judge.
By this writ application, relator, Janet Tullos Brownell, seeks the reversal of the trial court’s order making her pay $10 per month in court costs to the Clerk of Court for the Parish of Concordia. For the following reasons, we grant the writ.

FACTS

On October 4, 2000, Janet Tullos Brow-nell filed a petition for divorce and an application to proceed in forma pauperis in the 7th Judicial District Court along with supporting affidavits as required by LSA C.C.P. 5183. On October 5, 2000, the district court judge granted that Brownell would be permitted to proceed in forma pauperis and ordered that Brownell make small monthly payments to the Clerk of Court of $20 along with a minimum fee of $36 being posted before any court appearance. As a result, Brownell filed a writ contesting the trial court’s order that she be required to make monthly payments.
On November 2, 2000, we granted that writ striking the trial court’s decision to make her pay monthly costs and $36 appearance fee. We ruled, “[o]nce the plaintiff-relator was granted pauper status she was relieved of the burden of paying costs in advance or as they accrue or furnishing security.”
On December 14, 2000, the trial judge rendered a judgment regarding child custody which was part of the same divorce px-oceeding and again ordered Brownell to pay monthly payments of court costs to the Clei-k of Court. In this instance, the judge ordered that she pay $10.00 per month. Now, Brownell again applies for emergency supervisory and remedial writs *589 contesting the trial judge’s order that she be required to pay $10 per month in court costs.

LAW AND ANALYSIS

12Article 5181 of the Louisiana Code of Civil Procedure provides, “[a]n individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court •without paying the costs in advance or as they accrue or furnishing security therefor.”
As we have previously determined in this matter, the trial court cannot make a pauper pay monthly payments of court costs either in advance or as they accrue. We do recognize that Brownell is not completely immune from paying court costs. In fact, a litigant remains liable for costs, despite the granting of the privilege allowing her to proceed without her prepayment or bonding. Benjamin v. National Super Markets, Inc., 351 So.2d 138, 141 (La.1977). Further, if she subsequently becomes able to pay the immediate expenses, then the court may collect the costs from her provided that they have not been subsequently taxed against the opposing party upon the litigant’s prevailing in his litigation. Id. at 142.
However, Brownell avers that her financial situation has not been challenged by the trial court and that she remains a pauper. According to the affidavits presented in accordance with Louisiana Civil Procedure Article 5183 when Brownell filed the action, her income was approximately $800.00 Her monthly expenses totaled $815.00. An additional $10.00 would increase her monthly expenses to $825.00 placing her in deeper financial hardship. The trial court has not challenged her financial situation, and we are under the assumption that it remains unchanged. Thus, the trial court abused its discretion in requiring her to payment $10.00 a month.

DECREE

For the foregoing reasons, the Brow-nell’s writ is granted. The trial court’s | ¡¡ruling that Brownell is to pay $10 per month is reversed. All court costs on appeal are waived.
WRIT GRANTED.