**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CJ 0828

STATE OF LOUISIANA IN THE INTEREST OF A.C.

Judgment Rendered: __**FEB 1 9 2021**__

* * * * *

On appeal from the
21st Judicial District Court
Parish of Livingston, State of Louisiana
Juvenile Court Division
No. J-14402

The Honorable Blair Edwards, Judge Presiding

* * * * *

Jane Hogan
Hammond, Louisiana

Attorney for Appellant,
J.D.


Sherry Ann Powell
Livingston, Louisiana

Attorney for Appellee,
Louisiana Department of Children
and Family Services


* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

This is an appeal of the juvenile court's denial of indigent status to a father in a child in need of care matter and dismissal of his appeal for failure to pay costs. We affirm.

## FACTS AND PROCEDURAL HISTORY

In December 2017, eight-month-old A.C., was taken from her mother's custody into the custody of the Department of Children and Family Services (DCFS) pursuant to an *instanter* order and placed with relatives. A.C. was thereafter adjudicated a child in need of care (CINC). In December 2018, the Juvenile court approved A.C.'s placement with her biological father, J.D., upon certain conditions being met, and A.C. was placed in J.D.'s custody on a trial basis in early 2019. However, based on the testimony and evidence presented at a review hearing held in May 2019, the juvenile court *sua sponte* modified the disposition as to A.C. and placed her back in DCFS custody over J.D.'s objection. In September 2019, the juvenile court granted guardianship of A.C. to her foster parents (A.C.'s maternal aunt and uncle), noting J.D.'s objection.

J.D. filed a motion for suspensive appeal of the juvenile court's guardianship ruling and requested that he be allowed to proceed *in forma pauperis*,[1] with all costs waived based on his indigency. With the motion, J.D. filed an *in forma pauperis* affidavit, in which he itemized his income and expenses and attested to his indigency. The juvenile court judge signed the order granting the appeal but struck through the portion of the order waiving the appeal costs and added the handwritten notation "DENIED." The juvenile court judge likewise struck through the order on

---

[1]     *In forma pauperis* is defined as "[i]n the manner of an indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 783 (7th ed. 1999).

2

the *in forma pauperis* affidavit and added the handwritten notation "DENIED." The judge initialed both notations.

By letter dated October 31, 2019, the clerk of court notified J.D. of the estimated cost for the appeal, which included $3,350.00 to prepare the record, a $326.00 filing fee, as well as the cost for preparation of the transcript. The clerk of court further notified J.D. that he had twenty days from the mailing of the notice to remit payment. On November 20, 2019, the clerk of court moved to dismiss J.D.'s appeal for non-payment of costs. The following day, J.D. filed a request for reconsideration of the court's ruling that denied his pauper status, claiming he could not afford to pay the nearly $4,000.00 costs of the appeal. Across the order setting the request for a contradictory hearing, the juvenile court judge wrote "DENIED," with the additional notation, "Was determined not to be indigent!," which she initialed.

After a hearing held December 11, 2019, the juvenile court dismissed J.D.'s appeal by order signed the same date. The juvenile court issued written reasons for the dismissal, stating that costs were not timely paid and J.D. had neither requested additional time for payment nor timely moved to reduce the amount of the costs. This appeal followed.

## DISCUSSION

On appeal, J.D. challenges both the juvenile court's judgment dismissing his appeal and the juvenile court's order denying him indigent status. The dismissal of an appeal is a final judgment that can be appealed. **Brown v. Terrebonne Par. Sheriff's Office**, 2017-1305 (La. App. 1st Cir. 4/13/18), 249 So.3d 864, 869. An order denying pauper status is an interlocutory ruling. See La. Code Civ. P. art. 1841; **Benjamin v. National Super Markets, Inc.**, 351 So.2d 138 (La. 1977). When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory or partial judgments prejudicial to him or

3

that involve the same or related issues, in addition to the review of the final judgment. **Bourg v. Safeway Ins. Co. of Louisiana**, 2019-0270 (La. App. 1st Cir. 3/5/20), 300 So.3d 881, 887. Thus, both rulings are properly before this court for review.

The crux of this appeal is the juvenile court's ruling denying J.D. pauper status for purposes of his appeal of the guardianship judgment. The general rule is that, in the absence of clear abuse, the appellate courts do not disturb the lower courts' discretion in granting, denying, or rescinding the privilege to litigate *in forma pauperis,* based upon the factual determination of the litigant's ability or inability to pay the court costs or to make bond therefor. **Benjamin**, 351 So.2d at 142. In the absence of a clear abuse of that discretion, an appellate court will not disturb the lower court's finding. **Donley v. Hudson's Salvage LLC**, 2013-1499 (La. App. 1st Cir. 3/21/14) (unpublished), 2014WL1165871, *3.

J.D. first contends the juvenile court erred in denying him pauper status, arguing that since he was unable to afford an attorney to represent him and had appointed counsel representing him throughout these proceedings, "it logically follows that he would be unable to afford $3,961 to compile his record on appeal."

CINC proceedings are governed by the Louisiana Children's Code. See La. Ch. Code art. 104; **State in Interest of A.S.**, 2019-0248 (La. App. 1st Cir. 9/4/19), 285 So.3d 1129, 1134. Where procedures are not provided in the Children's Code, the Louisiana Code of Civil Procedure applies in all matters other than delinquency proceedings and adult criminal trials. La. Ch. Code art. 104. Thus, to determine the law applicable to J.D.'s arguments, we look first to the Children's Code and then to the Code of Civil Procedure.

Pertinent to the issues raised herein, the Children's Code sets forth the following procedures regarding indigency:

4

Art. 320. Indigency Determination

A. For purposes of the appointment of counsel, children are presumed to be indigent.

B. The determination of the indigency of any person entitled to counsel under this Code may be made by the court at any stage of the proceedings. If necessary, he shall be allowed to summon witnesses to testify before the court concerning his financial ability to employ counsel.

C. In determining whether a person is indigent and entitled to the appointment of counsel, the court shall consider whether he is a needy person and the extent of his ability to pay.

(1) The court shall consider such factors as income, property owned, outstanding obligations, and the number and ages of dependents.

(2) Release on bail shall not alone disqualify either an adult or child for appointment of counsel.

D. In each case, subject to the penalty of perjury, the person shall certify in writing such material factors relating to his ability to pay as the court prescribes.

Art. 321. Partial Reimbursement by Indigent Adults

A. **To the extent that a person is financially able to provide for** an attorney, other necessary services and facilities of representation, and **court costs, the court shall order him to pay for these items.** The court may order payment in installments or in any manner which it believes reasonable and compatible with the person's financial ability.

B. Any payments shall be transmitted to and become a part of the public defender fund of the district in which the proceeding is pending.

C. When a person, who was initially determined to be indigent and was appointed counsel, subsequently hires private counsel, the court shall conduct a contradictory hearing to determine:

(1) Whether he was in fact indigent when counsel was previously appointed.

(2) What charges were incurred in retaining counsel.

(3) What expenses have been incurred by the district public defender or other appointed counsel.

D. Upon determining the expenses incurred, the court may hold the person liable to the district public defender or other appointed counsel for reimbursement of all or part of those expenses. A judgment for the amount owed may be recorded in the mortgage records and may be enforced as provided by law.

E.  If the court finds that the parents are financially able, it may order them to reimburse the appointed counsel or district public defender's office for some or all of the costs of representing the child that are incurred before retained counsel has enrolled as counsel of record.

(Emphasis added.)

The plain language of Articles 320 and 321 indicate that under the Children's Code, the determination of a party's ability to pay for court costs is independent of the party's financial ability to employ counsel.  While Article 320 sets forth the procedure for the appointment of counsel for indigent parties, Article 321 nevertheless provides procedures for the assessment of costs and expenses against any party, even if represented by appointed counsel.  Thus, the Children's Code does not equate indigency for purposes of appointed counsel with pauper status for purposes of allowing a party to litigate without the payment of court costs.  See **In re S.B.**, 2011-1280 (La. App. 1st Cir. 12/21/11) (unpublished), 2011 WL 6779933, *3.

Louisiana Code of Civil Procedure article 5181 pertinently provides that "an individual who is unable to pay the costs of court because of his poverty or lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor."  This includes the costs of transcribing testimony and preparing the appellate record. See La. Code Civ. P. art. 5185.  The ability to litigate without prior payment of costs (commonly referred to as having pauper status) is a privilege, not a right, and one seeking to take advantage of this privilege must clearly be entitled to it, must apply for permission to do so, and must submit specific documentation. La. Code Civ. P. arts. 5182 and 5183.  The purpose of this procedure is to enable indigent persons to assert their causes in courts of this state; therefore, the privilege is to be interpreted liberally in favor of giving indigent persons their day in court. **Benjamin**, 351 So.2d at 140-41.  However, it is within the court's discretion to

6

grant a litigant the privilege of litigating without payment of costs. **Thibodeaux v. Rental Ins. Servs., Inc.**, 2013-1947 (La. App. 1st Cir. 4/24/15) (unpublished), 2015 WL 1882456, *10, writ denied, 2015-1213 (La. 9/25/15), 178 So.3d 567.

J.D. was determined to be indigent for purposes of having counsel appointed to represent him. However, the juvenile court denied J.D.'s request for pauper status for purposes of appeal. We find no merit to J.D.'s argument that the juvenile court erred in denying his request without a contradictory hearing as La. Ch. Code art. 321 imposes no such requirement on the court in determining a party's ability to pay court costs.[2] Further, we find no merit in J.D.'s argument that the juvenile court erred in denying him pauper status when he is entitled to a presumption of indigency because his income is less than 200% of the Federal Poverty Guideline for a family of four. The juvenile court presided over multiple hearings in this CINC proceeding and had the ability to make factual and credibility determinations regarding J.D.'s claimed number of dependents and his ability to pay court costs. Considering the designated record before us and the income reflected on J.D.'s affidavit, we cannot conclude that the juvenile court clearly abused its discretion in denying J.D.'s request to proceed *in forma pauperis*.

Finally, J.D. argues that he has a constitutional right to appeal the loss of his parental rights, which exists notwithstanding his ability to pay the estimated costs of appeal. In support, J.D. cites **M.L.B. v. S.L.J.**, 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996), in which the Supreme Court invalidated a Mississippi statute that required an indigent parent to pay a fee to appeal the termination of their parental rights and provided no means to appeal *in forma pauperis*. **M.L.B.**, 117 S.Ct. at 560 and 569-70. We disagree with J.D.'s assertion that the same situation is presented

---

[2]     J.D. references La. Ch. Code art. 320, which provides for a hearing where a person seeking indigent status "shall be allowed to summon witnesses." However, that provision is specific to determining a party's indigency for the appointment of counsel. Furthermore, we note that the article specifically provides that such a hearing is required only "[i]f necessary."

7

herein. Louisiana law does provide a means to appeal *in forma pauperis* and J.D. has not challenged the constitutionality of any statutory provisions. Further, this case involves the appeal of a guardianship ruling that is subject to modification or termination. See La. Ch. Code art. 724. Although J.D. contends the guardianship ruling effectuates the permanent termination of his parental rights, **M.L.B.** involved the appeal of a judgment that permanently destroys the legal recognition of parental rights. See **M.L.B.**, 117 S.Ct. at 569-70. Thus, **M.L.B.** does not support J.D.'s arguments.

It is undisputed that J.D. did not pay the court costs required to appeal the juvenile court's guardianship ruling. Consequently, the juvenile court did not err in dismissing the appeal for non-payment of costs. See La. Code Civ. P. art. 2126E.

## CONCLUSION

The juvenile court's judgment dismissing J.D.'s appeal is affirmed, as is the juvenile court's order denying J.D. indigent status for purposes of that appeal. Costs of this appeal are assessed to J.D.

**AFFIRMED.**