STATE OF LOUISIANA                              NO. 22-KH-454

VERSUS                                          FIFTH CIRCUIT

KARONNA YOUNG                                   COURT OF APPEAL

                                                STATE OF LOUISIANA

October 14, 2022

Susan Buchholz
Chief Deputy Clerk

**IN RE** KARONNA YOUNG

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 96-2284

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson

**WRIT GRANTED**

Relator, Karonna Young, seeks review of the trial court's denial of her motion for rehearing of the denial of *in forma pauperis* status. Relator argues that the denial of *in forma pauperis* status was erroneous in consideration with the trial court's subsequent waiver of the expungement fees.

On June 17, 1996, Relator pleaded guilty to theft over $500 in violation of La. R.S. 14:67. On the same date, the trial court sentenced Relator to a term of three years imprisonment at hard labor, but suspended the sentence and placed relator on five years active probation. Following completion of her sentence, Relator sought an expungement under La. C.Cr.P. art. 983. In doing so, on June 14, 2022, Relator filed an *in forma pauperis* affidavit and supporting documentation requesting to proceed *in forma pauperis* pursuant to La. C.C.P. art. 5183. On June 14, 2022, the trial court denied Relator's *in forma pauperis* application but waived the $550.00 Clerk of Court expungement filing fee. The trial court also stated that Relator "remains responsible for paying the State Police fee." Relator subsequently filed a motion for rehearing, which was set for August 11, 2022.

On August 11, 2022, the trial court again denied Relator's *in forma pauperis* application with a notation in the minute entry stating: "Defendant is able bodied and voluntarily employed with a degree, the defendant lives with a family member." After Relator's counsel made an oral notice of intent, the trial court set a return date for September 8, 2022. In the meantime, on August 23, 2022, the trial court issued its Reasons for Judgment Pursuant to La. C.C.P. art. 5183(B)(2). The instant writ application followed.

*In forma pauperis* status is a "privilege, not a luxury or a right." *Martin v. Martin,* 39,631 (La. App. 2 Cir. 5/18/05), 903 So.2d 619, 625, *writ denied,* 05-1606 (La. 6/22/05), 904 So.2d 714. The privilege, codified in La. C.C.P. art. 5181(A), provides that "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor." La. C.C.P. art. 5182 further provides that the privilege of *in forma pauperis* status shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto.

The procedure for the filing of an application to proceed *in forma pauperis* is set out in La. C.C.P. art. 5183, which provides, in pertinent part:

A. A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which the applicant shall annex the following:

(1) The applicant's affidavit that the applicant is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of the applicant's poverty and lack of means, accompanied by any supporting documentation.

(2) The affidavit of a third person other than the applicant's attorney that he knows the applicant, knows the applicant's financial condition, and believes that the applicant is unable to pay the costs of court in advance, or a they accrue, or to furnish security therefor.

\*\*\*

(2) The submission by the applicant of supporting documentation that the applicant is receiving public assistance benefits or that the applicant's income is less than or equal to one hundred twenty-five percent of the federal poverty level shall create a rebuttable presumption that the applicant is entitled to the privilege granted in this Chapter. If the court finds that the presumption has been rebutted, it shall provide written reasons for its finding.

A trial court is afforded wide discretion in determining whether or not to grant the privilege to litigate *in forma pauperis.* In the absence of a clear abuse of that discretion, an appellate court does not disturb the trial court's finding. *Benjamin v. National Super Markets, Inc.*, 351 So.2d 138, 142 (La. 1977), *writ denied*, 366 So.2d 561 (La. 1979). In determining a litigant's qualification to proceed as an indigent, the courts have taken a realistic view as to the litigant's actual ability to advance or secure court costs out of net income available for that purpose, after payment of reasonable living expenses and debts, and in view of encumbered property other than a modest family residence. *Id*. at 141. In order to fulfill the purpose of the privilege of enabling indigent individuals to assert their claims in court, the jurisprudence has liberally construed the privilege. *Id*. at 140.

In the instant case, Relator submitted an *in forma pauperis* affidavit, stating she was 49 years old with no children or other dependents. According to the affidavit, Relator, who is a college graduate, had been unemployed for five years following her last job at Honey Baked Ham, where she earned approximately $1500-$2000 a month. Relator also indicated that she received $250 in food stamp assistance each month with no monthly expenses, such as rent, credit cards, or loans. In addition, a third-party affidavit, signed by Rosa Young, declared that the affiant knew Relator "well," and that because of relator's "poverty and want of means," she was unable to pay the costs of court in advance or as they accrued. A summary of Relator's Supplemental Nutrition Assistance Program (SNAP) benefits confirmed that Relator became eligible for food stamp assistance on February 1, 2020, and currently receives $250 a month.

In its written reasons for judgment, the trial court determined that Relator has no income by choice, and her lack of income was based on her decision to forgo employment in her desired field of education until her expungement was complete. The trial court further found that the absence of any living expenses, as stated in Relator's affidavit, weighed against a finding of *in forma pauperis status* as "any job would allow [Relator] discretionary income to pay the filing fees at issue." Under Relator's circumstances, the trial court found that allowing Relator to proceed *in forma pauperis* would be an abuse of the privilege.

After considering the intended liberal application of the status, we find that the trial court abused its discretion in denying Relator's request for *in forma pauperis* status in this matter. Despite the trial judge's opinion of whether Relator can obtain employment to pay for the expenses associated with her expungement process, there was no evidence presented at the hearing to rebut Relator's assertion that she is currently an indigent and is unable to pay court costs. Denial of *in forma pauperis* status on the bases found by the trial court could prevent Relator from accessing the judicial process of expunging the theft conviction for the unforeseeable future, which was not the intention of the Legislature or jurisprudence.

Accordingly, in the interest of justice, we grant the writ application, grant Relator *in forma pauperis* status, and remand the matter for further proceedings.

Gretna, Louisiana, this 14th day of October, 2022.

**MEJ**
**RAC**

3

STATE OF LOUISIANA                          NO. 22-KH-454

VERSUS                                       FIFTH CIRCUIT

KARONNA YOUNG                                COURT OF APPEAL

                                             STATE OF LOUISIANA


**CHEHARDY, C.J., WOULD DENY AND DISSENTS WITHOUT REASONS**

**SMC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/14/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KH-454**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Joilynn Hollies (Relator)
Attorney at Law
4035 Washington Avenue
New Orleans, LA 70125

10/14/22

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

1. Article Addressed to:

Joilynn Hollies
Attorney at Law
4035 Washington Avenue
New Orleans, LA 70125
22-KH-454                    10-14-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

SECURITY

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3644 72

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 5925

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt