STATE OF LOUISIANA

VERSUS

KARONNA YOUNG

NO. 23-KH-204

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

June 22, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** KARONNA YOUNG

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 96-2284

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Cornelius E. Regan, Pro Tempore

**WRIT GRANTED FOR LIMITED PURPOSE**

Relator, Karonna Young, seeks review of the district court's March 16, 2023 ruling that denied relator's motion for expungement due to her failure to pay a $250.00 processing fee to the Louisiana Bureau of Criminal Identification and Information (hereinafter referred to as the "State Police").[1] We grant relator's writ application for the limited purpose of vacating the district court's ruling and remand for a ruling of the merits of relator's motion for expungement. As discussed more fully below, we find that relator is not required to pay any part of the $550.00 cost to obtain an expungement order, including the $250.00 processing fee the State Police is permitted to charge, because this Court previously granted relator *in forma pauperis* status.

**Procedural Background**

---

[1] The district court referred to the Louisiana Bureau of Criminal Identification and Information as the "State Police" in its ruling and relator refers to it as the "Louisiana State Police" in its filings with this Court. Therefore, we refer to the Louisiana Bureau of Criminal Identification and Information as the "State Police" in this decision.

23-KH-204

On June 17, 1996, relator pled guilty to felony theft over $500 in violation of La. R.S. 14:67. On the same date, the district court sentenced relator to three years at hard labor, but suspended the sentence and placed relator on five years active probation. On June 14, 2022, relator filed an affidavit and supporting documentation requesting to proceed *in forma pauperis* in anticipation of filing a motion for expungement. On July 14, 2022, the district court denied relator's *in forma pauperis* application. However, the minute entry indicates that the district court waived the $550.00 fee to file the motion for expungement, but at the same time indicated that relator remained "responsible for paying the State Police fee."[2] Relator subsequently filed a motion for rehearing, which the district court denied on August 11, 2022.

On September 22, 2022, relator filed a writ application with this Court challenging the denial of her *in forma pauperis* application and further argued that the district court erred by waiving some of her expungement filing fees without granting her *in forma pauperis* status. Upon review, in *State v. Young*, 22-454 (La. App. 5 Cir. 10/14/22), 2022 WL 7935147, this Court granted relator's writ application, granted relator *in forma pauperis* status, and remanded the matter for further proceedings. On November 29, 2022, the district court also granted relator's "*in forma pauperis* affidavit."

On December 1, 2022, relator filed her expungement motion with the district court. Pursuant to La. C.Cr.P. art. 979, the Clerk of Court provided the Jefferson Parish District Attorney ("DA"), the State Police, and the arresting law enforcement agency, the Jefferson Parish Sheriff's Office ("JPSO), with notice of relator's expungement motion. On December 2, 2022, the Jefferson Parish Clerk of Court made a notation in its system indicating, "Copy of Expungement sent to LA State Police Fees Waived." The record indicates that the Clerk of Court sent the State Police a copy of the expungement motion with "Fees Waived" written at the top of the first page.

---

[2] According to the parties, the "State Police Fee" referred to by the district court is part of the $550.00 cost to obtain an expungement permitted by La. C.Cr.P. art. 983(A). La. C.Cr.P. art. 983(B) provides that the Louisiana Bureau of Criminal Identification and Information may charge $250.00 processing fee as part of the $550.00 cost.

In January 2023, the DA and JPSO filed responses indicating that they had no opposition to relator's expungement motion. On February 17, 2023, the State Police filed a response with the district court indicating that it opposed the expungement motion and requested a contradictory hearing. In its opposition, the State Police argued that relator failed to pay the $250.00 fee required by La. C.Cr.P. art. 983(B)(1) or alternatively, failed to provide a valid fee waiver.[3] The State Police further argued that *in forma pauperis* status did not allow relator to avoid paying the required $250.00 processing fee.

The district court set the matter for a contradictory hearing on March 16, 2023. Following oral argument, the district court denied relator's expungement motion because she did not pay the $250.00 fee to the State Police. On April 14, 2023, relator filed a timely writ application with this Court. Relator requests that this Court reverse the district court's ruling and find that the granting of *in forma pauperis* status acts as a waiver of all the costs associated with the filing of an expungement motion.

**Discussion**

The interpretation and application of statutes and codal articles are matters of law subject to the *de novo* standard of review. *State v. Dempster*, 20-67 (La. App. 5 Cir. 7/29/20), 301 So.3d 1203, 1205; *State v. George*, 19-280 (La. App. 5 Cir. 1/15/20), 289 So.3d 1192, 1195. Whether a trial court was legally correct in its interpretation and application of the felony expungement statute is a question of law that is reviewed *de novo*, affording no deference to the trial court's decision. *Dempster*, 301 So.3d at 1205. The starting point for interpretation of any statute is the language of the statute itself. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So.3d 1262, 1267. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." *Id.*; La. C.C. art. 9.

---

[3] The State Police also raised additional substantive reasons for opposing the expungement motion that are not relevant to this writ application.

In *State v. A.R.W.*, 17-1162 (La. App. 1 Cir. 2/16/18), 242 So.3d 648, 654, the court examined the legislative intent behind the expungement statutes and recognized that these provisions are remedial, rather than penal. Thus, the court concluded the expungement statutes must be liberally construed to make them apply in more situations than they would under strict construction. *Id*. Furthermore, the purpose of *in forma pauperis* articles is to enable indigent persons to assert their causes in the courts of this state. *Benjamin v. National Super Markets, Inc.*, 351 So.2d 138, 140-41 (La. 10/10/97). This statutory privilege is to be interpreted liberally in favor of giving indigent persons their day in court. *Id.*

According to La. C.Cr.P. art. 983(A), "the total cost to obtain a court order expunging a record shall not exceed five hundred fifty dollars." La. C.Cr.P. art. 983(B) provides a breakdown of the agencies that receive a portion of this processing fee:

> B. The nonrefundable processing fees for a court order expunging a record shall be as follows:
>
> (1) The Louisiana Bureau of Criminal Identification and Information may charge a processing fee of two hundred fifty dollars for the expungement of any record of arrest when ordered to do so by the court in compliance with the provisions of this Title.
>
> (2) The sheriff may charge a processing fee of fifty dollars for the expungement of any record of arrest when ordered to do so by the court in compliance with the provisions of this Title.
>
> (3) The district attorney may charge a processing fee of fifty dollars for the expungement of any record of arrest when ordered to do so by the court in compliance with the provisions of this Title.
>
> (4) The clerk of court may charge a processing fee not to exceed two hundred dollars to cover the clerk's costs of the expungement.

Under La. C.Cr.P. art. 983(F)[4](G)[5](H)(I) and (J)[6], individuals seeking expungement may qualify for a fee waiver or exemption under the circumstances enumerated in those paragraphs. La. C.Cr.P. art. 983(L), the provision at issue in this matter, allows applicants seeking an expungement order to proceed *in forma pauperis* as follows:

> L. Notwithstanding any provision of law to the contrary, an applicant for the expungement of a record, other than as provided in Paragraphs F and G of this Article, may proceed in forma pauperis in accordance with the provisions of Code of Civil Procedure Article 5181 et seq.

La. C.C.P. art. 5181 provides in pertinent part that "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor." La. C.C.P. art. 5185(A)(1) also states that a party permitted to litigate without payment of costs is entitled to "[a]ll services required by law of a sheriff, clerk of court, court reporter, notary, or other *public officer* in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal."[7] [Emphasis added.]

At the March 16, 2023 contradictory hearing, relator argued that *in forma pauperis* status under La. C.Cr.P. art. 983(L) acts as a waiver of the entire $550.00 expungement

---

[4] Paragraph F provides that "an applicant for the expungement of a record shall not be required to pay any fee to the clerk of court, the Louisiana Bureau of Criminal Identification and Information, sheriff, the district attorney, or any other agency" if the applicant obtains a certification from the district attorney verifying that the applicant has no felony convictions and no pending felony charges and certain additional factors apply as discussed more fully below.

[5] Paragraph G exempts certain juveniles who completed a drug court program from payment of the expungement processing fees.

[6] Paragraph H provides fee waivers for certain victims of human trafficking, paragraph I provides fee waivers for individuals determined to be factually innocent and entitled to compensation for a wrongful conviction, and paragraph J applies to individuals granted a pardon, but does not include those granted a first offender pardon pursuant to Article IV, Section 5(E)(1) of the Louisiana Constitution.

[7] A "public officer" is defined as "any person holding a public office in this state" and "public office" is defined as "any state, district, parish or municipal office, elective or appointive ... when the office or position is established by the constitution or laws of this state." La. R.S. 42:1. The State Police are public officers pursuant to Louisiana Constitution, Art. X, Part IV (State Police Service).

fee, including the $250.00 processing fee allocated to the State Police. Relator further argued that the phrase in La. C.Cr.P. art. 983(L), "other than as provided in paragraphs F and G," referred to statutory fee waivers, which were not applicable to relator's case. The State Police did not appear at the hearing. However, as explained above, the State Police argued in its opposition that "pursuant to Art. 983(F) an IFP does not allow a D to avoid paying the required $250 fee to the Bureau." Following oral argument, the district court agreed with the State Police's position and stated that the phrase "other than as provided in paragraphs F and G" meant that relator had to meet the requirements of La. C.Cr.P. art. 983(F) in addition to La. C.C.P. art. 5181 in order to avoid the requirement of paying the $250.00 processing fee to the State Police. The district court did not provide any further oral or written reasons for its ruling.

We find that the district court's interpretation of Paragraph L is not supported by the plain language of the applicable provisions. As discussed above, La. C.Cr.P. art. 983(F) provides one of several scenarios that allow an applicant to qualify for a fee waiver. Paragraph F provides for a waiver of all fees when the applicant obtains a certification from the district attorney verifying that 1) the applicant has no felony convictions or pending felony charges and that 2) one of the scenarios set forth in Paragraph F(1) to (5) applies to the charges or arrests that are the subject of the expungement motion:

> F. An applicant for the expungement of a record shall not be required to pay any fee to the clerk of court, the Louisiana Bureau of Criminal Identification and Information, sheriff, the district attorney, or any other agency to obtain or execute an order of a court of competent jurisdiction to expunge the arrest from the individual's arrest record if a certification obtained from the district attorney is presented to the clerk of court which verifies that the applicant has no felony convictions and no pending felony charges under a bill of information or indictment and at least one of the following applies:
>
>> (1) The applicant was acquitted, after trial, of all charges derived from the arrest, including any lesser and included offense.
>>
>> (2) The district attorney consents, and the case against the applicant was dismissed or the district attorney declined to

6

prosecute the case prior to the time limitations prescribed in Chapter 1 of Title XVII of this Code, and the applicant did not participate in a pretrial diversion program.

(3) The applicant was arrested and was not prosecuted within the time limitations prescribed in Chapter 1 of Title XVII of this Code and did not participate in a pretrial diversion program.

(4) Repealed by Acts 2022, No. 36, § 2.

(5) Concerning the arrest record which the applicant seeks to expunge, the applicant was determined by the district attorney to be a victim of a violation of R.S. 14:67.3 (unauthorized use of "access card"), a violation of R.S. 14:67.16 (identity theft), a violation of R.S. 14:70.4 (access device fraud), or a violation of any other crime which involves the unlawful use of the identity or personal information of the applicant.

Paragraph F does not contain any language relating to an individual with the inability to pay the processing fees. Rather, it provides a scenario where an applicant can avoid payment of the processing fees owed to all the entities listed in Paragraph B (not just the State Police), regardless of the ability to pay. Paragraph F does not contain any language pertaining solely to the fee due to the State Police. Furthermore, the reasoning of the State Police and district court fail to account for the fact that the phrase at issue in Paragraph L refers to both Paragraphs F *and* G. Paragraph G provides for a fee exemption for juveniles who complete a drug court program.[8]

We find that after reviewing the plain language of all relevant provisions of La. C.Cr.P. art. 983, the district court erred by finding that an applicant granted *in forma pauperis* status pursuant to Paragraph L must also meet the requirements of Paragraph F. Rather, we find that the only reasonable interpretation of the phrase "other than as provided in Paragraphs F and G" contained in Paragraph L is that if the applicant does not qualify for an exemption or waiver provided in Paragraphs F and G, then an applicant may proceed *in forma pauperis* if he or she qualifies with the pauper provisions set in La. C.C.P. art. 5181, *et. seq.* Otherwise, only those individuals who have no felony

---

[8] La. C.Cr.P. art. 983(G) specifically provides, "Notwithstanding any other provision of law to the contrary, a juvenile who has successfully completed any juvenile drug court program operated by a court of this state shall be exempt from payment of the processing fees otherwise authorized by this Article."

convictions and no pending felony charges (Paragraph F), and who completed a juvenile drug court program (Paragraph G) could qualify for *in forma pauperis* status and avoid expungement processing fees. Such an interpretation leads to absurd results and effectively nullifies the purpose of relator's *in forma pauperis* status, *i.e.*, "to prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance" as set out in La. C.C.P. art. 5181(A).

We further observe that in *E.B. v. Landry*, 2022 WL 1144834 (M.D. La. Apr. 18, 2022), a putative class action raising a constitutional challenge to Louisiana's expungement laws due to plaintiffs' inability to pay the processing fees, the Louisiana Attorney General, Jefferson Parish Clerk of Court and the Jefferson Parish District Attorney's Office, along with other government officials, took the position that Paragraph L relieved an expungement applicant of the obligation to pay the entire $550.00 processing fee. The *Landry* court agreed with these government officials as follows:

> Setting aside the obvious fact that the expungement statute expressly incorporates the IFP provisions, Louisiana Code of Civil Procedure article 5181 provides that "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a *judicial proceeding in any trial or appellate court*," suggesting that IFP status extends to any proceedings before any Louisiana court. *See* La. Code Civ. Proc. art. 5181(A) (emphasis added).
>
> This more expansive interpretation is further bolstered by the Louisiana Supreme Court's decision in *Benjamin v. National Super Markets, Inc.*, 351 So.2d 138 (La. 1977). In reversing the appellate court's judgment denying the plaintiffs the right to proceed in forma pauperis, the Louisiana Supreme Court stated: "The purpose of these (in forma pauperis) articles is to enable indigent persons to assert their causes in the courts of this state. This statutory privilege is to be interpreted liberally in favor of giving indigent persons their day in court." *Id.* at 140–41 (quotation marks and citations omitted).
>
> *Id.* at p. 11.

The district court's narrow interpretation of La. C.Cr.P. art. 983(L) at the contradictory hearing, suggesting that *in forma pauperis* status alone does not permit relator to forego the payment of the fees set out in La. C.Cr.P. art. 983(B), is at odds with the plain language of Article 983 and the expansive interpretation of the *pauper* statute

favored by the Louisiana Supreme Court in *Benjamin*, *supra*. Because we granted relator *in forma pauperis* status under La. C.Cr.P. art. 983(L), we find that the district court erred in denying relator's expungement motion on grounds that relator was required to pay the Louisiana State Police $250.00 processing fee.

Accordingly, we grant this writ application, vacate the district court's denial of relator's expungement motion and remand relator's case to the district court to rule on the merits of her expungement motion without requiring the payment of fees set forth in La. C.Cr.P. art. 983(B).

Gretna, Louisiana, this 22nd day of June, 2023.

**CER**
**JJM**

9

STATE OF LOUISIANA                    NO. 23-KH-204

VERSUS                                FIFTH CIRCUIT

KARONNA YOUNG                         COURT OF APPEAL

                                      STATE OF LOUISIANA


**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully dissent.  I do not agree that La. C.C.P. art. 5185 should necessarily be interpreted as broadly as pronounced by the majority.  This article permits an indigent to litigate without the prepayment of certain costs. State ex rel. Aucoin v. Blakeman, 207 So.2d 860, 862 (La. Ct. App. 1968). The language of La. C.C.P. art. 5185 refers to litigation costs of the judicial proceeding and not undoubtedly all administrative costs of all governmental agencies, *e.g.*, the State Police's administrative processing costs relative to the expungement of criminal records.  Examples set forth in La. C.C.P. art. 5185 include "the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal."  In my view, these costs relate to actual "court-related" costs, and not necessarily to any administrative costs of any state office.

     The law is clear that the trial court is entrusted with the duty to see that the privileges granted by the privilege of *in forma pauperis* status are not abused.  Benjamin v. National Super Markets, Inc., 351 So.2d 138, 142 (La. 10/10/97). Allowing numerous applicants to expunge their records without any costs to the government is over burdensome to governmental agencies such as the State Police.  In addition, these individuals who have been found

23-KH-204

to have violated the law and sentenced accordingly, are receiving a privilege both in the form of expungement and *in forma pauperis* status, thereby being relieved of the some of the consequences of their actions. Further, La. C.Cr.P. art. 983 A already limits the costs to be borne by a defendant to obtain expungement by stating, "the total cost to obtain a court order expunging a record shall not exceed five hundred fifty dollars."

In light of these considerations, I do not believe this court should usurp the trial court's broad discretion regarding the particulars of the privilege of *in forma pauperis* status, here the payment of the State Police fee, and the prevention of the abuse of that privilege.

Furthermore, the grant of the privilege to litigate *in forma pauperis* does not mean that all costs of litigation are *waived*, but only allows an individual to move forward with his proceeding without the payment of costs *in advance*. La. C.C.P. art. 5181 specifically states that "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court ***without paying the costs in advance*** or as they accrue or furnishing security therefor." [Emphasis added.]

In <u>Benjamin</u>, 351 So.2d at 141-42, the Louisiana Supreme Court expressly stated:

> It is to be borne in mind … that the grant of the privilege to litigate in forma pauperis is founded upon the view that in effect, the governmental bodies are merely furnishing without prepayment of cost its resources to the financially embarrassed litigant, in order to prevent his losing his day in court merely because of the financial expense to the government of entertaining his claim.
>
> Of course, ***the litigant remains liable for the costs***, despite the granting of the privilege allowing him to proceed without their prepayment or bonding. <u>La. C.Civ.P. arts. 5186</u>-88; <u>Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193 (1957)</u>. If

he subsequently becomes able to pay such costs …, then the costs may be collected from him, assuming they have not been subsequently taxed against the opposing party upon the litigant's prevailing in his litigation. [Emphasis added.]

For the foregoing reasons, I do not agree that the State Police's fee should be waived.

**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/22/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KH-204**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Laura Anne Reeds (Relator)
Attorney at Law
Justice & Accountanbility Center of
Louisiana
4035 Washington Avenue
Suite 203
New Orleans, LA 70125

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Laura Anne Reeds
4035 Washington Avenue
Suite 203
New Orleans, LA 70125
23-KH-204                    06-22-23

9590 9402 2434 6249 3634 37

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8032

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

Sonia Scarano.

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☒ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt